368 So.2d 1323 (1979)
GENERAL DEVELOPMENT CORPORATION, Petitioner,
v.
The FLORIDA LAND AND WATER ADJUDICATORY COMMISSION, an Agency of the State of Florida, the Southwest Florida Regional Planning Council and the Division of State Planning of the Department of Administration, Agencies of the State of Florida, and Sarasota County and the Englewood Water Management District, Political Subdivisions of the State of Florida, and the Englewood Community Organizations, and the City of North Port, Respondents.
No. BB-69.
District Court of Appeal of Florida, First District.
March 9, 1979.
Rehearing Denied April 23, 1979.
*1324 Parker D. Thomson, Susan W. Diner and Robert T. Wright, Jr. of Paul & Thomson, Miami, for petitioner.
David Emerson Bruner, Naples, C. Laurence Keesey, Tallahassee, Richard L. Smith, Richard E. Nelson and Leslie Telford of Nelson, Hesse, Cyril, Weber & Smith, Sarasota, Robert A. Dickinson, Englewood, Edward John Walsh, Oakland Park, for respondents.
MILLS, Acting Chief Judge.
Pursuant to Section 380.07, Florida Statutes (1975), the Division of State Planning (Division) and the Southwest Florida Regional Planning Council (SW Council) appealed to the Florida Land and Water Adjudicatory Commission (Commission) a development order issued by the City of North Port (City) to General Development Corporation (GDC) for the development of Myakka Estates, Units 5, 6 and 7. GDC seeks interlocutory review of a "Comprehensive Prehearing Order" entered in that proceeding.
Myakka Estates is an 8,000 acre planned residential community, with related commercial and essential facilities, being developed by GDC in the City of North Port, Sarasota County. Myakka Estates is a Development of Regional Impact (DRI) under Chapter 380.
In May 1974, GDC submitted to the City an application for Development Approval (ADA), which laid out a master plan for the entire Myakka Estates Development. Notice of the ADA was given to the Division and to the Tampa Bay Regional Planning Council (Tampa Bay Council), the regional planning agency at that time for Sarasota County. The Tampa Bay Council reviewed the master plan on the basis that Myakka Estates constituted a single DRI, and recommended that the plan be approved by the City, contingent upon the fulfillment of ten conditions.
On 9 September 1974, after a hearing, the City issued a development order approving the master ADA subject to 18 conditions including all ten recommended by the Council. One of the conditions of the development order reads:
"(q) Applicant shall submit incremental Applications [for] Development Approval on all subsequent Myakka Estates plats; which increments shall be in conformance with the Myakka Estates Master Plan Application for Development Approval approved this date and in compliance with Chapter 380, Florida Statutes."
The master development order was not appealed by either the Division or Tampa Bay Council, thus, became final. The Division agreed not to appeal the order on the condition that GDC enter into an agreement which would dispose of the Division's concerns. GDC entered into the agreement on 15 October 1974. The agreement required GDC to submit separate ADAs for nonresidential areas at the time their development was contemplated and required incremental ADAs for the various residential portions of Myakka Estates. according to the agreement, the incremental ADAs were "a condition to development of specific increments of the master residential plan" and "must comply with the 9th of September 1974 Development order."
On 18 October 1974, GDC submitted to the City the incremental ADA for Units 5, 6 and 7. Copies were furnished to the Division and to the SW Council which was then the regional planning council for Sarasota County. The ADA incorporated without revision major portions of the master ADA. The SW Council recommended that the City not approve the ADA for Units 5, 6 and 7.
On 23, 24, 26 and 27 May 1975, the City held hearings on the ADA for Units 5, 6 and 7. On 26 June the City approved the application and issued a development order subject to certain conditions. The order concluded that the incremental ADA fully complied with the master plan. The order *1325 further concluded that the SW Council's request for denial was directed to the entire Myakka Estates development rather than Units 5, 6 and 7.
In July 1975, the SW Council and the Division appealed the City's incremental development order. A hearing officer was designated. Sarasota County, Englewood Water District, and Englewood Community Organizations were permitted to intervene.
On 14 November 1975, GDC moved for a preliminary hearing to resolve procedural issues. At the prehearing, GDC presented testimony and argument to demonstrate that the final hearing should be limited to a determination of whether the incremental development order conformed to the master development order.
On 14 January 1976, the hearing officer entered his "Comprehensive Prehearing Order" which is the subject of this review. Basically the order provided that:
(1) The final hearing on the Unit 5, 6 and 7 ADA would be a full evidentiary hearing and not be submitted for appeal on the record because the hearings held by the City did not satisfy the requirements of Chapter 120, in that witnesses did not testify under oath and there was not an adequate opportunity to cross-examine witnesses.
(2) The issue to be determined is whether the ADA meets the standards of Chapter 380, and the scope of inquiry would not be limited by the master development order, the agreement of October 15, 1974, between the Division and GDC, or any "master-incremental" format;
(3) The record created at the hearing would be the sole record;
(4) The hearing would begin by GDC's presentation of its entire case for approval of the Units 5, 6 and 7 ADA.
GDC contends that there is no need for a full evidentiary hearing under Section 120.57 since the four-day hearing before the City was neither inadequate nor incomplete. It urges that the appeal before the Commission be determined on the record made below.
Section 380.07, Florida Statutes (1977), permits the owner, developer, regional planning agency or state land planning agency to appeal a development order to the Commission. Section 380.07(3) states:
"Prior to issuing an order, the ... Commission shall hold a hearing pursuant to the provisions of Chapter 120. The Commission shall encourage the submission of appeals on the record made below in cases in which the development order was issued after a full and complete hearing before the local government or an agency thereof."
Although the above quoted subsection states that the Commission "shall encourage the submission of appeals on the record", it requires the Commission to hold a hearing pursuant to Chapter 120. Chapter 120 contains no particular provision which relates to an appellate review proceeding by an administrative agency. Section 120.57 sets forth the procedures to be used in all proceedings in which the substantial interests of a party are determined, and these procedures should be followed in hearings on appeals to the Commission.
The items which constitute the record in Section 120.57 proceedings are specified in subsections 120.57(1)(b)5, for formal proceedings, and 120.57(2)(b), for informal proceedings. Neither of these subsections specify hearings occurring prior to the commencement of 120.57 proceedings. However, both subsections specify that the record shall include evidence received or considered.
In agency proceedings for a rule or order, evidence that is irrelevant, immaterial, or unduly repetitious is excluded, but all other evidence, if of a type commonly relied upon, is admissible. The evidence may be received in written form and testimony shall be made under oath. Section 120.58(1)(a). A party may conduct cross-examination when testimony is taken or documents are made a part of the record. Section 120.58(1)(f).
In appropriate cases, where the testimony has been made under oath and the parties have had the right of cross-examination, *1326 the testimony and exhibits presented at the hearing before the local government should be admitted into evidence at the 120.57 hearing before the Commission. In cases where the hearing before the local government is full and complete, the record of the local government proceedings might be the only evidence that is necessary.
In the case before us, the testimony given at the hearing before the City was not made under oath and there was not an adequate opportunity for cross-examination. Under these circumstances, the hearing officer did not err in determining that the hearing on appeal from the development order would be a full evidentiary hearing and not submitted "on the record". In effect, the prehearing order determined that the record of the hearing below would not be admissible as evidence.
We do not find that the hearing officer erred in stating the issue to be determined as whether the ADA for Units 5, 6 and 7 meets the standards of Chapter 380. GDC argues that the Commission cannot ignore the master development order. It does not appear at this point that the Commission has ignored it. One of the conditions of the master development order is that all incremental ADAs must be in conformance with the master ADA and comply with Chapter 380. The prehearing order does not state that the master development order or the agreement between the Division and GDC will be ignored; it states that the scope of inquiry would not be limited by them.
We also do not find any error in the requirement that GDC present its case first since that would facilitate an orderly presentation of evidence.
The prehearing order on review is affirmed.
MELVIN, J., and MASON, ERNEST E., Associate Judge, concur.