438 So.2d 876 (1983)
TRANSGULF PIPELINE COMPANY/DEPARTMENT OF COMMUNITY AFFAIRS, and Jim Smith, Attorney General of the State of Florida, Appellants,
v.
BOARD OF COUNTY COMMISSIONERS OF GADSDEN COUNTY, Florida, a Political Subdivision of the State of Florida, Henry Dover, and Midway Community Council, Inc., Appellees.
Nos. AR-140 and AR-141.
District Court of Appeal of Florida, First District.
September 13, 1983.
Rehearing Denied October 26, 1983.
*877 Gary P. Sams and Carolyn S. Raepple of Hopping, Boyd, Green & Sams, Tallahassee, for appellant Transgulf Pipeline Co.
Jim Smith, Atty. Gen., John J. Rimes, III, Asst. Atty. Gen., Robert M. Rhodes, Sp. Asst. Atty. Gen., and C. Lawrence Keesey, Dept. of Community Affairs, Tallahassee, for appellants Dept. of Community Affairs and Jim Smith.
John Shaw Curry of Johnson, Harnett, Curry & Slay, Quincy, Marva A. Davis, Quincy, and Ernest W. Welch of Welch & Monroe, Tallahassee for appellees/cross appellants Board of County Com'rs of Gadsden County, Henry Dover and Midway Community Council, Inc.
Thomas G. Pelham of Akerman, Senterfitt & Eidson, Tallahassee, for amici curiae, Upper Keys Citizens Ass'n, Inc. and Friends of the Everglades, Inc.
*878 SHIVERS, Judge.
Transgulf Pipeline Co. (Transgulf), and the Department of Community Affairs and Attorney General (State) appeal the order of the circuit court which finds section 380.07(3), Florida Statutes (1981), facially unconstitutional based on principles of unlawful delegation of legislative power and vagueness. We reverse.
This case previously came before this court by way of petition for writ of prohibition or certiorari which this court denied in Smith v. Willis, 415 So.2d 1331 (Fla. 1st DCA 1982). The facts of this case are aptly reported in Smith v. Willis and will not be repeated here. The sole question before the circuit court following the denial of a writ in Smith v. Willis was the facial constitutionality of section 380.07(3), Florida Statutes. The challenged statute reads:
(3) Prior to issuing an order, the Florida Land and Water Adjudicatory Commission shall hold a hearing pursuant to the provisions of Chapter 120. The commission shall encourage the submission of appeals on the record made below in cases in which the development order was issued after a full and complete hearing before the local government or an agency thereof.
The circuit court held that this section constitutes an unlawful delegation of power in that it allows a hearing officer from the Department of Administrative Hearings to decide whether to conduct an appeal on the record made below (the record of the local government proceeding) or to conduct a de novo hearing under section 120.57, Florida Statutes (1981). The circuit court interpreted the word "appeals," used in the second sentence of section 380.07(3), to mean an appeal in the classic judicial sense, i.e., "an examination of the record of a lower tribunal to ascertain if its conclusions of law coincide with applicable principles of law." The court reasoned that the legislature had provided insufficient guidelines to direct the discretion of a hearing officer in making a determination as to whether to conduct a Chapter 120 "de novo" evidentiary hearing or to conduct an "appeal" on the record. The circuit court also found that the provisions of section 380.07(3) are so uncertain that men of common intelligence must necessarily guess at their meaning.
As noted by counsel for amici curiae, section 380.07(3), Florida Statutes, "is hardly a model of clarity." That fact, however, does not make the statute unconstitutional. When reviewing statutes, courts have the duty, if reasonably possible and consistent with constitutional rights, to resolve all doubts in favor of the statute's constitutionality. Falco v. State, 407 So.2d 203 (Fla. 1981). If a statute can be interpreted in a way which will uphold its constitutionality, courts must adopt that interpretation. Miami Dolphins, Ltd. v. Metropolitan Dade County, 394 So.2d 981 (Fla. 1981). This is true even where a statute is reasonably susceptible of another interpretation which would render it unconstitutional. Florida State Board of Architecture v. Wasserman, 377 So.2d 653 (Fla. 1979).
In the instant case, it is not necessary to interpret the word "appeals," as used in section 380.07(3), in its most narrow, technical sense. To do so would render that section illogical since the first sentence of section 380.07(3) mandates a hearing pursuant to Chapter 120, and Chapter 120 makes no provision for an "appeal" in the technical sense. We think that the legislature intended to use this term in its broadest, non-technical sense, i.e., to mean merely an application to a higher authority. This broader interpretation is implicitly the one taken by this court in the case of General Development Corp. v. Florida Land and Water Adjudicatory Commission, 368 So.2d 1323 (Fla. 1st DCA 1979). In General Development Corp., this court interpreted section 380.07(3):
Although the above quoted subsection states that the Commission "shall encourage the submission of appeals on the record", it requires the Commission to hold a hearing pursuant to Chapter 120. Chapter 120 contains no particular provision which relates to an appellate review proceeding by an administrative agency. Section 120.57 sets forth the procedures *879 to be used in all proceedings in which the substantial interests of a party are determined, and these procedures should be followed in hearings on appeals to the Commission.
The items which constitute the record in Section 120.57 proceedings are specified in subsections 120.57(1)(b)5, for formal proceedings, and 120.57(2)(b), for informal proceedings. Neither of these subsections specify hearings occurring prior to the commencement of 120.57 proceedings. However, both subsections specify that the record shall include evidence received or considered.
In agency proceedings for a rule or order, evidence that is irrelevant, immaterial, or unduly repetitious is excluded, but all other evidence, if of a type commonly relied upon, is admissible. The evidence may be received in written form and testimony shall be made under oath. Section 120.58(1)(a). A party may conduct cross-examination when testimony is taken or documents are made a part of the record. Section 120.58(1)(f).
In appropriate cases, where the testimony has been made under oath and the parties have had the right of cross-examination, the testimony and exhibits presented at the hearing before the local government should be admitted into evidence at the 120.57 hearing before the Commission. In cases where the hearing before the local government is full and complete, the record of the local government proceedings might be the only evidence that is necessary.
In the case before us, the testimony given at the hearing before the City was not made under oath and there was not an adequate opportunity for cross-examination. Under these circumstances, the hearing officer did not err in determining that the hearing on appeal from the development order would be a full evidentiary hearing and not submitted "on the record". In effect, the prehearing order determined that the record of the hearing below would not be admissible as evidence.
Id. at 1325-1326. In other words, the decision to be made by the Commission or its hearing officer is not whether to conduct a de novo evidentiary hearing as opposed to a classic appellate review, but whether certain evidence is to be admitted at the Chapter 120 hearing. Viewed in this way, section 380.07(3) does not grant the Commission or its hearing officer any greater procedural discretion than that possessed by any other agency conducting a Chapter 120 hearing. Under this construction, section 380.07(3) contains sufficient procedural guidelines and is not vague.
We do not agree with appellees that "de novo" proceedings pursuant to section 120.57 would make a mockery of the local hearing and decision-making process. Any DRI applicant who chooses to "sit out" the local decision-making process or who purposely fails to exercise procedural rights (such as cross-examination) at the local government hearing does so at his own risk. If the local government entity conducts its hearing with adequate procedural safeguards, such a hearing would presumably be considered full and complete by the Commission or its hearing officer and admitted into evidence at the section 120.57 hearing. As such, the record of the local government hearing could provide competent, substantial evidence to support findings of fact made by the Commission or its hearing officer notwithstanding other evidence which might be adduced by the applicant at the section 120.57 hearing.
Appellant Transgulf contends that the circuit court also found section 380.07(3) unconstitutional due to lack of substantive standards to guide the Commission or its hearing officer in making determinations pursuant to section 380.07. Since the substantive standards to be used in making determinations under Chapter 380 are contained in sections 380.06(8) and 380.06(11), Florida Statutes, Transgulf argues that the circuit court implicitly found those sections unconstitutional also. We find this contention without merit. The circuit court order in the instant case makes no mention of section 380.06 or any of the substantive standards contained therein. Furthermore, *880 the decision of this court in Smith v. Willis, leaves no doubt that the only issue before the circuit court was the constitutionality vel non of section 380.07(3), Florida Statutes. Therefore, the circuit court did not err in failing to grant Transgulf relief based on its counterclaim which asserted the unconstitutionality of sections 380.06(8) and 380.06(11), Florida Statutes.
Appellees denominate as a cross-appeal their argument that the holding of the circuit court can be upheld on an alternative ground rejected by that court. We agree with the circuit court that section 380.07(3) does not violate separation of powers principles by delegating judicial powers to the executive branch in violation of article V, section 1 and article II, section 3 of the Florida Constitution. Article II, section 3 provides that no person belonging to one branch of government should exercise any powers appertaining to either of the other branches unless expressly provided in the constitution. Article V, section 1 expressly provides that Commissions and administrative officers may be granted "quasi-judicial" power in matters connected with the functions of their offices. Appellees argue, however, that the power of "appeal" granted to the Florida Land and Water Adjudicatory Commission under section 380.07(3) is a pure judicial function rather than a quasi-judicial function. The argument must fail since it is based on the same narrow interpretation of the word "appeal" which we have rejected supra. Nor does the use of a hearing officer to conduct a hearing and make recommended findings of fact and conclusions of law constitute a pure judicial function. See generally State, Department of Administration v. Stevens, 344 So.2d 290 (Fla. 1st DCA 1977). Under Chapter 120, the final, quasi-judicial decision is made by the agency and is subject to judicial review.
Accordingly, the order of the circuit court holding section 380.07(3), Florida Statutes (1981), unconstitutional is REVERSED.
ROBERT P. SMITH, Jr. and NIMMONS, JJ., concur.