# FAIRFIELD COMMUNITIES, INC. v FLORIDA LAND AND WATER ADJUDICATORY COMMISSION

## Case No. 86-4591R

State of Florida, Division of Administrative Hearings

January 22, 1987

### APPEARANCES OF COUNSEL

**Thomas G. Pelham** and **William L. Hyde, Culpepper, Pelham, Turner & Mannheimer,** for petitioner.

**Beverly S. McLear** and **David G. Guest,** Department of Legal Affairs, for respondent.

**Segundo J. Fernandez** and **Douglas P. Manson, Oertel & Hoffman,** for intervenors, Friends of Fort George, Inc., and Wildlife Federation.

**Charles Lee,** as qualified representative, for intervenor, Florida Audubon Society.

## OPINION

ROBERT T. BENTON, II, Hearing Officer.

### *FINAL ORDER*

This matter came on for hearing in Tallahassee, Florida, before Robert T. Benton, II, Hearing Officer of the Division of Administrative Hearings on December 23, 1986. Fairfield Communities, Inc., the Florida Land and Water Adjudicatory Commission and the Intervenors filed proposed orders. Proposed findings of fact are addressed by number in the attached appendix.

This proceeding began on November 24, 1986 with the filing of a petition for determination of the invalidity of existing rules challenging as invalid Rule 27G-1.06(2) and Rule 27G-1.08(4), Florida Administrative Code, pursuant to Section 120.56, Florida Statutes (1985).

Challenges to these rule provisions are an outgrowth of an ongoing substantial interest proceeding, *In re: A Development Order Issued By The City of Jacksonville Planning Department Dated June 12, 1986, Approving The Master Land Use Plan For A Development of Regional Impact Known as The Fort George Island DRI,* No. 86-4127, in which the challenged provisions have come into play. The parties to the present proceeding are all parties to the Fort George DRI substantial interest proceeding, No. 86-4127, as well.

### *ISSUE*

Whether Rule 27G-1.06(2) and Rule 27G-1.08(4), Florida Administrative Code, or either of them, is an invalid exercise of delegated legislative authority?

### *FINDINGS OF FACT*

The parties have stipulated that Fairfield Communities, Inc. (Fairfield) has the requisite standing to challenge the rule provisions at issue and that Friends of Fort George, Inc., (Friends) and Florida Wildlife Federation (FWF) and Florida Audubon Society (Audubon) have standing to participate as intervenors in support of these rule provisions. The Florida Land and Water Adjudicatory Commission (FLWAC) is the state agency that promulgated the challenged rules.

The Fort George DRI case, No. 86-4127, began on August 1, 1986, when the Department of Community Affairs took an appeal of the

development order entered by the City of Jacksonville on June 12, 1986 on grounds

The MLUP does not accurately show or locate the DER jurisdictional line on the western side of the island from which buffer areas required by the ADO are to be measured . . . The MLUP does not properly or accurately depict or locate buffer areas surrounding the sloughs on the western side of Fort George Island. Exhibit B to the Prehearing Stipulation.

Together with others, the Intervenors in the present case filed, in the Fort George DRI case, No. 86-4127, a motion to intervene as of right and request for consideration of additional issues on August 7, 1986.

The intervenors in No. 86-4127 sought consideration of a wide range of issues in the Fort George DRI case, including questions concerning Blue Pond, the perimeter buffer zone, the interior habitat, weirs, berms, dikes and hydraulic connections, the adequacy of the water supply, the effect of the Game and Fresh Water Fish Commission's disapproval, the placement of various boundaries, and whether "Fairfield has failed to provide adequate protection of the microclimate and ecology of the Rollins Bird and Plant Sanctuary as mandated by the ADO. . . ." Exhibit C to the Prehearing Stipulation.

In filing their motion to intervene as of right and request for consideration of additional issues in No. 86-4127, Friends, Audubon and FWF expressly relied on Rule 27G-1.06, Florida Administrative Code. The portion under challenge here provides:

(2) Motions to intervene filed with the Commission within 30 days of the filing of a notice of appeal may request the Commission to consider issues raised in the record below but not raised by the parties to the appeal. Rule 27G-1.06, Florida Administrative Code.

In the order of transmittal, entered in No. 86-4127 on October 15, 1986, FLWAC denied consideration of every issue raised by the intervenors, except for the issue concerning the Rollins Bird and Plant Sanctuary, and added a related issue, also concerning the Rollins Bird and Plant Sanctuary, citing Rule 27G-1.08, Florida Administrative Code. The portion of that rule under challenge here provides:

(4) Within 60 days of receipt of a notice of appeal, the Commission shall meet to review the issues raised by the parties. If the Commission determines that an issue of statewide or regional importance was not raised by the parties but is necessary to its disposition of the appeal, the Commission shall specify said issue and shall specify whether the issue shall be the subject of review based on the record

194

made below, additional evidence or a combination thereof. New issues shall not be raised by the parties or other persons after this Commission meeting. At this meeting, the Commission may also dispose of procedural motions, including motions to intervene, which have been filed within 30 days of the filing of the notice of appeal. Rule 27G-1.08, Florida Administrative Code.

Fairfield, as the applicant for the development order in No. 86-4127, questions FLWAC's authority to promulgate rules that allow FLWAC to consider issues not raised by the party who took the DRI appeal, whether *sua sponte* or on motion of an intervenor.

### CONCLUSIONS OF LAW

The Division of Administrative Hearings has jurisdiction of petitions like the present one challenging administrative rules as an invalid exercise of delegated legislative authority. Section 120.56, Florida Statutes (1985).

As the "one who attacks," *Agrico Chemical Co. v. State Department of Environmental Regulation,* 365 So.2d 759, 763 (Fla. 1st DCA 1978) *cert. den.* 376 So.2d 74 (Fla. 1979), duly promulgated rules, the petitioner has the burden to:

show that (1) the agency adopting the rule has exceeded its authority; (2) that the requirements of the rule are not appropriate to the ends specified in the legislative act; and (3) the requirements contained in the rule are not reasonably related to the purpose of the enabling legislation but are arbitrary or capricious. *Department of Administration, Division of Retirement v. Albanese,* 455 So.2d 639, 641 (Fla. 1st DCA 1984).

The challenger's burden "is a stringent one indeed." *Agrico Chemical Co. v. State Department of Environmental Regulation,* 365 So.2d 759, 763 (Fla. 1st DCA 1978) *cert. den.,* 376 SO.2d 74 (Fla. 1979).

### FLWAC's Role in the DRI Process

FLWAC "which shall consist of the Administration Commission," Section 380.07(1), Florida Statutes (1985), is an agency of the executive branch specifically subject "to the provisions of chapter 120." Section 380.07(3), Florida Statutes (1985). FLWAC is not a court. As with other adjudicatory administrative agencies, a "final, quasi-judicial decision is made by . . . [FLWAC] and is subject to judicial review." *Transgulf Pipeline Co. v. Board of County Commissioners of Gadsden County,* 438 So.2d 876, 880 (Fla. 1st DCA 1983).

Like every other executive agency, FLWAC is not only authorized

but required to adopt rules of practice and "rules of procedure appropriate for the presentation of arguments concerning issues of law or policy, and for the presentation of evidence on any pertinent fact that may be in dispute." Section 120.53(1)(c), Florida Statutes (1985). Although DRI appeals arise from development orders entered by local governments, they are nonetheless *de novo* administrative proceedings governed by Section 120.57, Florida Statutes (1985). An analogous situation obtains with respect to certificate of need appeals, which are also *de novo* administrative proceedings. *E.g., University Medical Center, Inc. v. Department of Health and Rehabilitative Services,* 483 So.2d 712 (Fla. 1st DCA 1985) (on reh. 1986); *Boca Raton Artificial Kidney Center v. Department of Health and Rehabilitative Services,* 475 So.2d 260 (Fla. 1st DCA 1985).

Chapter 27G-1, Florida Administrative Code, sets out procedures to govern DRI proceedings before FLWAC. These procedural rules were promulgated against the background of antecedent DRI litigation, including the Fox Properties DRI appeals. See *Fox v. Treasure Coast Regional Planning Council v. Florida Land and Water Adjudicatory Commission,* 442 So.2d 221 (Fla. 1st DCA 1983) and *Fox v. South Florida Regional Planning Council,* 327 So.2d 56 (Fla. 1st DCA) *cert. den.* 336 So.2d 1181 (Fla. 1976). In the Fox Properties case, the FLWAC adopted a "compromise plan . . . first proposed at the final hearing before the Commission," 442. So.2d at 227, thereby interjecting new issues into the DRI appeal after the formal administrative hearing had concluded. The court upheld FLWAC's insertion of new issues at that stage, but remanded for another hearing before the hearing officer "for the appropriate findings of fact to support . . . [FLWAC's] order . . . or . . . other proposals or compromises which the parties may wish to present to the hearing officer." 442 So.2d 227.

The rule provisions under challenge here require FLWAC to define the issues to be litigated in a DRI appeal, before referring the matter to the Division of Administrative Hearings for a formal evidentiary hearing. This has the salutary effect of focusing the controversy at an early stage and minimizing, if not avoiding, the need for multiple hearings. By promoting efficiency in DRI appeals, the challenged provisions redound to the benefit of developers and other litigants alike.

## Grounds Urged

But petitioner complains that the rule provisions it challenges here are beyond FLWAC's authority because FLWAC's role in DRI appeals should be the same as that of a court, trial if not appellate; because allowing intervenors to suggest issues does not square with

statutory provisions limiting standing to initiate DRI appeals; because "there is no statute empowering FLWAC [as opposed to state and regional planning agencies] to protect state or regional interests," Petitioner's Memorandum, p. 5; and because the 1984 legislature failed to enact the committee substitute for House Bill 1271.

These claims must be evaluated in light of the comprehensive scope of DRI appeals before FLWAC. When used in Section 380.07(3), Florida Statutes (1985), the term appeal should be understood "in its broadest, non-technical sense." *Transgulf Pipeline Co. vs. Board of County Commissioners of Gadsden County,* 438 So.2d 876, 878 (Fla. 1st DCA 1983). The statute empowers FLWAC not only to affirm or reverse but also to "attach conditions and restrictions to its decisions," Section 380.07(4), Florida Statutes (1985), in keeping with the standards of Chapter 380, Florida Statutes (1985).

Inherent in this broad grant of authority is FLWAC's entitlement to promulgate Rule 27G-1.08(4), Florida Administrative Code, establishing an orderly means for litigating any "issue of statewide or regional importance . . . necessary to its disposition of . . . [a DRI] appeal," even if "not raised by the parties." Rule 27G-1.08(4), Florida Administrative Code. FLWAC's authority to entertain an issue not raised by the parties was established by the decision in *Fox v. Treasure Coast Regional Planning Council v. Florida Land and Water Adjudicatory Commission,* 442 So.2d 221 (Fla. 1st DCA 1983). The rule challenged here improves upon the *status quo ante,* because, under *Fox,* the FLWAC could raise a new issue, even after the administrative hearing was over. The FLWAC has narrowed its preexisting powers by providing that "[n]ew issues shall not be raised . . . after," Rule 27G-1.08, Florida Administrative Code, the FLWAC has met, reviewed issues raised by the parties and specified the issues to be addressed in the DRI appeal, all of which should occur before the administrative hearing begins.

### Intervenors' Suggestions Allowed

Petitioner contends that the FLWAC should not be entitled to consider issues raised by parties like the intervenors here, who have also intervened in the DRI appeal, No. 86-4127. Because these intervenors are not "the owner, the developer, an appropriate regional planning agency . . . or the state land planning agency," Section 380.07(2), Florida Statutes (1985), they could not have initiated the DRI appeal. *Londono V. City of Alachua,* 438 So.2d 91 (1983); *Suwannee River Area Council Boy Scouts of America v. State, Department of Community Affairs,* 384 So.2d 1369, 1374 (Fla. 1st DCA

**197**

1980). But the challenged rule provision only authorizes intervenors to "request the [FLWAC] to consider issues raised in the record below but not raised by the parties to the appeal." Rule 27G-1.06(2), Florida Administrative Code.

The rule grants intervenors, including those on whom Section 403.412(5), Florida Statutes (1985), confers "standing to intervene as a part," leave to suggest to FLWAC what issues ought to be addressed when FLWAC decides for or against upholding a development order and what conditions and restrictions, if any, to attach. The rule simply enables a party to the proceeding to offer suggestions in this regard, but does not require FLWAC to adopt as issues any or all of the matters the intervenor(s) request FLWAC to consider.

"[T]he validity of . . . [a challenged] rule must be upheld if it is reasonably related to the purpose of the legislation interpreted and it is not arbitrary and capricious." *Department of Professional Regulation v. Durrani,* 455 So.2d 515, 517 (Fla. 1st DCA 1984). *Florida Beverage Corp. v. Wynne,* 306 So.2d 200 (Fla. 1st DCA 1975).

> Moreover, the agency's interpretation of a statute need not be the sole possible interpretation or even the most desirable one; it need only be within the range of possible interpretations. *Department of Health and Rehabilitative Services v. Wright,* 439 So.2d 937 (Fla. 1st DCA 1983) (Ervin, C.J., dissenting); *Department of Administration v. Nelson,* 424 So.2d 852 (Fla. 1st DCA 1982); *Department of Health and Rehabilitative Services v. Framat Realty, Inc.,* 407 So.2d 238 (Fla. 1st DCA 1981). 455 So. at 417.

"[A]gencies are given wide discretion in the exercise of their lawful rulemaking authority." *Austin v. Department of Health and Rehabilitative Services,* 495 So.2d 777, 779 (Fla. 1st DCA 1986). FLWAC has not abused its discretion in promulgating Rule 27G-1.06(2) or Rule 27G-1.08(4), Florida Administrative Code.

### Cs/HB 1271 Immaterial

The 1984 legislative session saw much activity on "growth management" issues. The 113-page committee substitute for House Bill 1271 was one among many bills on the subject. At pages 47 and 48, Cs/HB 1271 proposed a new subsection 5 for 380.07, Florida Statutes, to read:

> *(5) When a notice of appeal is filed, the Florida Land and Water Adjudicatory Commission shall have 60 days, the requirements of chapter 120 notwithstanding, to request the assignment of a hearing officer to conduct a hearing pursuant to s. 120.57. During this time, the commission shall determine whether the*

*appeal raises any additional issues of state or regional importance that require further evidence and testimony in the record. The commission shall also determine whether the local government provided a full and fair hearing in compliance with s. 380.02(11) in the proceeding for the development order held below. The commission shall issue a preliminary order containing the results of such determinations and listing the issues to be heard on appeal within this 60-day period.*

(a) *If the local government did not provide a full and fair hearing pursuant to s. 380.06(11), the Florida Land and Water Adjudicatory Commission shall request the assignment of a hearing officer to conduct a hearing pursuant to s. 120.57 on the development order and any additional issues designated by the commission.*

(b) *If the local government provided a full and fair hearing, the commission shall determine whether any additional issues of state or regional importance require further evidence and testimony in the record. If so, the commission shall identify all such ssues, consolidate them in a single order, and remand the case to the local government to conduct a hearing on such issues pursuant to s. 380.06(11) and prepare findings of fact and conclusions of law on the issues designated by the commission. The commission shall then consider the appeal on the record of the local hearing and the record of the additional hearing. The commission shall not remand a case more than one time, unless the local government fails to take adequate additional testimony and evidence on the issues remanded.*

(c) *If the local government provided a full and fair hearing and the commission determines that there are no additional issues of state or regional importance which require further evidence and testimony, the commission shall consider the appeal on the record of the local hearing.* Section 7, Cs/HB 1271

Cs/HB died in committee. In the same session, an entirely different bill, SB 723, was amended in the HOuse to include language which became law:

When the Florida Land and Water Adjudicatory Commission receives a notice of appeal pursuant to s. 380.07, the commission shall notify the division within 60 days of receipt of the notice of appeal if the commission elects to request the assignment of a hearing officer. Ch. 84-203, Laws of Florida (1984)

SB 723 dealt with the Administrative Procedure Act, and not, except for the quoted language, with growth management.

Legislative history of this kind differs from the legislative history of the statute at issue in *Rabren v. Board of Pilot Commissioners*, No. BF-89 (Fla. 1st DCA; August 27, 1986), 11 FLW 327. There the legislature enacted a bill without a proposed amendment, while here no part of Cs/HB 1271 passed. It is far from clear, moreover, that the failure of the entire 113-page bill can fairly be attributable to legislative antipathy to certain aspects of one small provision. Legislative history of this kind casts no clear light on the meaning either of the statues on the books before the 1984 session or on Ch. 84-203, Laws of Florida (1984).

It is accordingly,

ORDERED:

The petition for determination of the invalidity of existing rules is denied.

DONE and ORDERED this 22nd day of January, 1987, in Tallahassee, Florida.