567 So.2d 2 (1990)
James D. YOUNG, Sr., and Olivia A. Young, Appellants,
v.
STATE of Florida, DEPARTMENT OF COMMUNITY AFFAIRS, and Florida Land and Water Adjudicatory Commission, Appellees.
No. 89-661.
District Court of Appeal of Florida, Third District.
June 19, 1990.
On Certification October 16, 1990.
David Paul Horan and Steven B. Esquinaldo, Key West, for appellants.
William A. Buzzett, Diana M. Parker and C. Laurence Keesey, Tallahassee, for appellees.
Before NESBITT, COPE and GERSTEN, JJ.
PER CURIAM.
James and Olivia Young appeal an adverse final order of the Florida Land and Water Adjudicatory Commission. We affirm.
The Youngs obtained three land clearing permits from Monroe County, Florida. The subject property is within an area of critical state concern. Pursuant to section 380.07, Florida Statutes (1987), the permits at issue here constitute development orders which may be appealed to the Florida Land and Water Adjudicatory Commission. Under the statute, the state land planning agency  the Department of Community Affairs  is authorized to appeal.[1]
Under the statute, the Commission "shall hold a hearing pursuant to the provisions of chapter 120." Id. § 380.07(3). The statute contemplates, in other words, a de novo *3 evidentiary hearing, with an exception not applicable here.[2]
The matter was scheduled for a hearing before a hearing officer pursuant to chapter 120. In advance of the hearing the parties submitted to the hearing officer the question of who would have the burden of proof. Approximately one month before the hearing, the hearing officer ruled that the burden of proof would be on the Youngs, as applicants, to show their entitlement to the permits in question.
When the hearing convened, the Youngs adhered to their original position that the burden of proof, and burden of going forward, rested on the Department because the Department had initiated the appeal. The Youngs declined to proceed. The hearing officer ruled that the Youngs failed to carry their burden of proof and recommended denial of the permits. The Youngs filed exceptions with the Commission. The Commission entertained argument on the exceptions, denied them, and denied the permits.
We conclude that the Commission was correct. As was stated in Florida Dep't of Transportation v. J.W.C. Co., Inc., 396 So.2d 778, 787 (Fla. 1st DCA 1981), "We view it as fundamental that an applicant for a license or permit carries the `ultimate burden of persuasion' of entitlement through all proceedings, of whatever nature, until such time as final action has been taken by the agency." We have recognized this principle, at least inferentially, in Harbor Course Club v. Department of Community Affairs, 510 So.2d 915, 919 (Fla. 3d DCA 1987); accord Transgulf Pipeline Co. v. Board of County Comm'rs, 438 So.2d 876, 878-79 (Fla. 1st DCA 1983), review denied, 449 So.2d 264 (Fla. 1984). The hearing officer also had the discretion to order that the applicants would have the burden of going forward. See Florida Dep't of Transportation v. J.W.C. Co., Inc., 396 So.2d at 788; General Development Corp. v. Florida Land & Water Adjudicatory Comm'n, 368 So.2d 1323, 1326 (Fla. 1st DCA 1979).
Our disposition on the merits necessarily forecloses the Youngs' second point on appeal, a claim for attorney's fees pursuant to section 57.111, Florida Statutes (1987).
Affirmed.

ON SUGGESTION FOR CERTIFICATION
We certify that the court has passed upon a question of great public importance by holding that, in an appeal by the state land planning agency pursuant to section 380.07, Florida Statutes (1987), the burden of persuasion, and the burden of going forward, rested on the applicant for the permit.
NOTES
[1] The statute also grants a right of appeal to the owner, the developer, and an appropriate regional planning agency. Id. § 380.07(2). The Department's appeal automatically stayed the effectiveness of the permits. Id. § 380.07(2).
[2] The exception is that the statute encourages "the submission of appeals on the record made below in cases in which the development order was issued after a full and complete hearing before the local government or an agency thereof." Id.