591 So.2d 991 (1991)
PERSHING INDUSTRIES, INC., d/b/a Vista Memorial Gardens, Appellant,
v.
DEPARTMENT OF BANKING AND FINANCE and Memorial Sunset Park, Inc., Appellees.
No. 90-3384.
District Court of Appeal of Florida, First District.
December 17, 1991.
Arthur J. England, Jr., Carroll J. Kelly, Fine, Jacobson, Schwartz, Nash, Block & England, Miami, and Robert G. Maxwell, Miami Springs, for appellant.
Paul C. Stadler, Jr., Asst. Gen. Counsel, for Dept. of Banking and Finance, William M. Furlow, Katz, Kutter, Haigler, Alderman, Davis, Marks & Rutledge, P.A., Tallahassee, for appellees Memorial Sunset Park, Inc.
ERVIN, Judge.
Appellant, Pershing Industries, Inc., d/b/a Vista Memorial Gardens (Vista), seeks review of a final administrative order entered by the Department of Banking and Finance, Division of Finance (Department), contending that the Department erroneously granted a cemetery license to appellee Memorial Sunset Park, Inc. (Memorial). *992 Vista argues that the Department erroneously applied Florida Administrative Code Rule 3D-30.015 in granting Memorial's license, and that Memorial failed to demonstrate "need" for a new cemetery. We disagree with Vista on both points and affirm.
Memorial filed an application with the Department for authority to organize and operate a new cemetery in northwest Dade County on September 12, 1988. The Department initially denied Memorial's application on the ground that existing facilities were adequate. Thereafter, Memorial timely requested a formal hearing, and the cause was transmitted to the Division of Administrative Hearings. Vista, a large cemetery located 8.6 miles from the cemetery proposed by Memorial, subsequently filed a petition to intervene, alleging that it will be in direct competition with Memorial's proposed cemetery. That petition was granted.
In determining the adequacy of existing facilities, the Department relied upon a "community" consisting of a circular area with a 15-mile radius around Memorial's proposed cemetery.[1] Although there are 18 cemeteries located in Dade County and nine within the 15-mile-radius circular area, the hearing officer, based upon the expert testimony of Dr. Ira Sheskin, excluded all but two of the above cemeteries (Vista and Dade Memorial Park), because it was shown that the majority of the excluded cemeteries' markets did not fall within Memorial's community. Finding that the unused burial sites available at Vista and Dade Memorial Park were less than the projected need for the community over the next 30 years, the hearing officer entered an order finding that there was a need for Memorial's proposed cemetery and therefore recommending that the license be granted. The Department, in the final order now on review, adopted the hearing officer's findings and conclusions and issued the license to Memorial.
Appellant argues that the Department erred by applying Florida Administrative Code Rule 3D-30.015(4) in determining that need existed for a new cemetery. That rule provides:
(4) Criteria for licensing a new cemetery.
(a) In making its determination as to the need for an additional cemetery company for the general benefit of the public, the Department shall not increase the available inventory of burial spaces beyond the expected need for a period of 30 years from the date of application.
(b) In the investigation to determine need for a new cemetery the Department shall consider the following criteria:
1. The community in which the cemetery is to be located shall be defined for the purpose of seeking authority to organize a cemetery pursuant to Chapter 497, F.S., as the smallest area contiguous to the proposed cemetery from which approximately seventy-five percent of sales of burial spaces are expected to be derived.
2. After the community area is determined, the Department shall consider the adequacy of the existing facilities by obtaining from all profit, non-profit, religious, and municipal cemeteries that would also derive the majority of their sales from the same community as the applicant, the number of burial spaces available in ground burials, lawn crypts, mausoleums, including contemplated mausoleum structures in which sales have been made, requiring construction within five years from date of sale, plus unplatted reserve acreage as stated on the annual report of cemetery estimated at 1200 burial spaces per acre.
3. The population, its rate of growth, the death-rate, and the ratio of burials to deaths shall be determined from [the] *993 latest statistical information available for the community in which the proposed cemetery is to be located.
The crux of appellant's argument is that rule 3D-30.015, which was originally adopted in 1975 and amended periodically through 1981, was invalidated by the 1987 amendment to Section 497.006(3), Florida Statutes (1987). The amended statute, with the newly added language underlined, provides:
(3) The department shall determine the need for a new cemetery in the community by considering the adequacy of existing cemetery facilities, licensed and unlicensed within the county; the solvency of the trust funds of the existing facilities; and the relationship between population, rate of population growth, death rate, and ratio of burials to deaths to meet the projected need for burial spaces for a period of 30 years. In order to promote competition, the department may waive the criteria of this subsection so that each county may have at least six cemeteries operated by different licensees.
Ch. 87-39, § 1, Laws of Fla. In support of its argument that the provisions of rule 3D-30.015 are no longer extant, appellant relies upon the general rule that "[a]n administrative rule or regulation is operative and binding on those coming within its terms from its effective date until it is modified or superseded by subsequent legislation or by subsequent regulations adopted in compliance with duly ordained standards of administrative procedure, and it expires with the repeal of the statute from which it gains its life." Hulmes v. Div. of Retirement, Dep't of Admin., 418 So.2d 269, 270 (Fla. 1st DCA 1982), review denied, 426 So.2d 26 (Fla. 1983). Appellant argues that the amended statute is clear and unambiguous, and that the addition of the statutory language "within the county" requires the Department to determine need for new cemeteries based on projected calculations for all cemeteries located within the county where the proposed new cemetery is located. Thus, appellant contends that rule 3D-30.015, particularly in its reference to a "community" when calculating need, was modified or superseded by the 1987 amendment to section 497.006(3).
It is axiomatic that an agency's construction of its governing statutes and rules will be upheld unless clearly erroneous. Motel 6, Operating L.P. v. Department of Business Reg., Div. of Hotels & Restaurants, 560 So.2d 1322, 1323 (Fla. 1st DCA 1990); Department of Professional Reg., Bd. of Medical Examiners v. Durrani, 455 So.2d 515, 517 (Fla. 1st DCA 1984). If an agency's interpretation is one of several permissible interpretations, it must be upheld despite the existence of reasonable alternatives. Id.; Department of Health & Rehab. Servs. v. Framat Realty, Inc., 407 So.2d 238, 242 (Fla. 1st DCA 1981). Furthermore, when the agency's interpretation has been promulgated in rulemaking proceedings, the rule will be upheld if it is reasonably related to the legislative purpose and is not arbitrary or capricious. Durrani, 455 So.2d at 517.
While admitting that appellant's interpretation of the statute is one which is possible, the Department nonetheless contends that the statute still requires it to determine the need for a new cemetery based on its nonrule community definition, because the statutory language "in the community" remained unaffected by the amended statute. The Department additionally argues that the legislature, in amending section 497.006(3), was simply codifying certain provisions of rule 3D-30.015, such as those which authorize it to consider licensed and unlicensed facilities when assessing need, see rule 3D-30.015(4)(b)2, and to use a 30-year period to determine need, see rule 3D-30.015(4)(a). Furthermore, appellees contend that the addition of the entire statutory phrase, "licensed and unlicensed, within the county," is a means of assuring that unlicensed facilities are included in the calculations.
The Department's interpretation is supported by staff analyses for the Senate and House Committees on Commerce,[2] which *994 indicate that the language added to the 1987 statute was adopted because certain facilities were exempted from the licensing requirements of chapter 497 under preamendment, including, but not limited to, church cemeteries, county and municipal cemeteries, and cemeteries owned and operated by fraternal organizations.[3] Because the Department's interpretation of amended section 497.006(3) is not unreasonable or outside the range of permissible interpretations, and its application of rule 3D-30.015 is not inconsistent with that statute, arbitrary, or capricious, the Department's actions should be affirmed. Motel 6; Durrani.
Turning to appellant's second issue, whether Memorial demonstrated that need existed for the proposed cemetery, it is well established that an agency's findings must be upheld if they are supported by competent, substantial evidence (CSE). See § 120.68(10), Fla. Stat. (1987). It is fundamental that an applicant for a license or permit carries the ultimate burden of persuasion of entitlement to the license. Florida Dep't of Transp. v. J.W.C. Co., 396 So.2d 778, 787 (Fla. 1st DCA 1981); Young v. Department of Community Affairs, 567 So.2d 2, 3 (Fla. 3d DCA 1990). In the instant case, Memorial presented the testimony of Dr. Ira Sheskin, an expert in geography, specializing in demography (the study of populations), to prove need for its proposed cemetery and therefore entitlement to the license.
Because there is CSE to support the order, it is AFFIRMED. Section 120.68(10), Fla. Stat. (1987).
BARFIELD, J., concurs.
ZEHMER, J., concurs in result only.
NOTES
[1] The term "community" is referred to in Section 497.006(3), Florida Statutes, although it is not defined in Chapter 497, Florida Statutes. The term is defined in Florida Administrative Code Rule 3D-30.015(4)(b)1 to mean "the smallest area contiguous to the proposed cemetery from which approximately seventy-five percent of sales of burial spaces are expected to be derived." The Department has further defined "community," by nonrule policy, as a circular area with a 15-mile radius.
[2] Staff of Fla.S.Comm. on Commerce, CS/SB 152 (1987) Staff Analysis & Economic Impact Statement (Apr. 15, 1987) (Fla.State Archives); Staff of Fla.S.Comm. on Commerce, CS/SB 152 Staff Analysis & Economic Impact Statement (Apr. 24, 1987) (Fla.State Archives); Staff of Fla.H.R.Comm. on Commerce, CS/HB 45 (1987) Final Staff Analysis (June 11, 1987) (Fla. State Archives).
[3] See § 497.003(1), Fla. Stat. (1987).