Samuel S. Goren General Counsel South Florida Regional Planning Council
QUESTION:
Are members of the South Florida Regional Planning Council required to refrain from ex parte communications when the council is deciding whether to appeal a development order pursuant to s.380.07, F.S., in light of the decision in Jennings v. Dade County?[1]
SUMMARY:
It does not appear that the South Florida Regional Planning Council's decision whether to appeal a local government's development order involves a quasi-judicial proceeding subject to the restrictions on ex parte communications stated in the Jennings case.[2]
The South Florida Regional Planning Council (SFRPC) was created pursuant to the "Florida Regional Planning Council Act."[3]
The SFRPC acts in an advisory capacity to Broward, Dade and Monroe counties, reviewing plans and submitting reports and recommendations to local governments on the regional impact of developments.[4] In carrying out this function, the SFRPC must allow the developer or any substantially affected party reasonable opportunity to present evidence to the agency's head relating to the proposed report or recommendations.[5]
After reviewing the report and recommendations of the SFRPC, the local government issues a development order. The order is sent to the SFRPC which may appeal the order to the Florida Land and Water Adjudicatory Commission.[6] You indicate that prior to making its decision whether to appeal the order, the SFRPC may be subjected to lobbying by interested parties. The council's function, however, is to review the development order for compliance with the council's report and recommendations and with the provisions of Ch. 380, F.S., and rules promulgated thereunder. At no time does it appear that the SFRPC exercises any decision-making authority in either approving or disapproving the development plan.
In Jennings, the court concluded that an ex parte communication received by a quasi-judicial officer raises a presumption that the contact was prejudicial to the decision-making process. The person affected adversely by the decision, therefore, is entitled to a new and complete hearing, unless the party defending against a new hearing can show that the communication was not, in fact, prejudicial.[7] The Jennings decision is based upon a finding that the determination of whether to grant or deny zoning variances is a quasi-judicial proceeding. It was recognized, however, that the enactment and amending of zoning ordinances is a legislative function which does not have to follow the more stringent due process safeguards of a judicial or quasi-judicial proceeding.[8] Thus, only those proceedings which are quasi-judicial would be subject to the holding in Jennings.[9]
While the distinction between "legislative" and "quasi-judicial" actions determines the standard of review and, therefore, the restrictions on ex-parte communications,[10] this office has previously determined that the decision of the SFRPC to appeal a local government order is not a decision that legally determines the substantial interests of any party.[11] As noted in Jennings:
 A judicial inquiry investigates, declares and enforces liabilities as they stand on present facts and under laws supposed already to exist. . . . Legislation, on the other hand, looks to the future and changes existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power.[12]
The scheme whereby developments of regional impact are reviewed and approved, empowers only the local government and the Florida Land and Water Adjudicatory Commission to approve, approve with conditions, or deny the petition for the development order, i.e., make a final, quasi-judicial decision which is subject to judicial review.[13] While the regional planning agency advises the local government or the commission as to the regional impact of the development, such an agency lacks decision-making authority which determines the rights or interests of a party. It neither approves or disapproves the plan for a development of regional impact. Accordingly, it does not appear that the proceedings of the SFRPC to determine whether to appeal a local government development order are quasi-judicial proceedings subject to the holding in Jennings.
[1] 589 So.2d 1337 (3 D.C.A. Fla., 1991).
[2] In light of the response to this question, it is unnecessary to respond to your second question regarding the application of Jennings to county commissioners who are members of the council when such commissioners are acting as county commissioners considering developments of regional impact.
[3] Sections 186.501-186.513, F.S.
[4] See, s. 380.06(12), F.S., providing that a regional planning agency, in preparing its report and recommendations, shall identify regional issues based upon specified review criteria.
[5] Section 380.06(12)(c), F.S.
[6] See, s. 380.07(2), F.S.
[7] Jennings at 1347.
[8] Jennings at 1349 (concurring opinion by J. Ferguson).
[9] Currently, Snyder v. Board of County Commissioners of Brevard County, 16 F.L.W. D3057 (5 D.C.A. Fla. 1990), is before the Supreme Court of Florida on a petition for certiorari based upon conflict. The Snyder court concluded that the decision-making process of denying or approving a request for rezoning is a judicial function subject to a standard of review more strict than is applied to legislative functions such as enacting a comprehensive plan. This conclusion, however, does not affect the characterization of the action of the SFRPC as legislative or judicial, since the SFRPC does not have the authority to accept or reject a plan having regional impact.
[10] See, De Groot v. Sheffield, 95 So.2d 912, 915 (Fla. 1957) and Coral Reef Nurseries, Inc. v. Babcock Co.,410 So.2d 648, 652-653 (3 D.C.A. Fla., 1982) (procedural due process of quasi-judicial hearing contains the safeguards of due notice, a fair opportunity to be heard in person or through counsel, the right to present evidence, and the right to cross-examine witnesses).
[11] See, AGO 75-58.
[12] Jennings at 1349, citing Suburban Medical Center v. Olathe Community Hospital, 597 P.2d 654, 661 (1979), quoting Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 226 (1908).
[13] Cf., Transgulf Pipeline Company/Department of Community Affairs v. Board of County Commissioners of Gadsden County, 438 So.2d 876, 880 (1 D.C.A. Fla., 1983).