KAHN, Judge.
Pursuant to an administrative complaint filed by the Department of State, Division of Licensing (Division), the Division issued a final order finding the appellants, Rod’s Recovery Agency and Rodney J. Finch (Rod’s) in violation of section 493.6118(l)(g) and section 493.6118(l)(n), Florida Statutes (Supp.1990). The Division assessed an administrative fine against Rod’s as to each of these two violations. We affirm the final agency order as to the violation of section 493.6118(l)(n), and reverse as to the violation of section 493.6118(l)(g).
*459 An administrative complaint filed by the Division alleged as follows:

Count I

During the period November, 1990 to February 5, 1991, in Escambia County, Florida, Respondent employed Tabetha Butler and Tom Butler to perform repossessions when such persons did not have a [sic] valid Class “E” Recovery Agent licenses or Class “EE” Recovery Agent Intern licenses. Respondent is in violation of section 493.6118(l)(n), Florida Statutes.

Count II

During the period February 28, 1991 to March 12, 1991, in Escambia County, Florida, Respondent conducted or advertised the business of a recovery agency without a valid Class “R” Recovery Agency License. Respondent is in violation of section 493.6118(l)(g), Florida Statutes, and Rule 1C-3.122(1), Florida Administrative Code.
The Division furnished the complaint by mail to appellant on April 15, 1991. On April 29, 1991, appellant executed a form entitled “Election of Rights,” thereby opting for an informal administrative hearing. The following language appears on the form executed by appellant:
I do not dispute the facts upon which-the agency action is based. I wish to make an explanation of those facts or to submit a written statement or speak on my behalf at an informal hearing. The informal hearing will be before a hearing officer of the Department of State in accordance with Section 120.57(2), Florida Statutes.
The case proceeded to an informal hearing, but the record on appeal does not include a transcript of that hearing. The Division’s hearing officer recommended that a final order be issued finding that both statutory violations had occurred, and that an appropriate penalty be assessed. Rod’s filed objections to the recommended order, which were overruled by the Division.
Rod’s first argues that the Division erred in finding that unlicensed persons were employed to perform repossessions. Appellant claims that the Butlers were employed solely to locate automobiles that were to be repossessed, and not to actually take possession of such automobiles. Section 493.8401(4), Florida Statutes (Supp. 1990), requires that anyone “who performs the services of a recovery agent” must have a Class “E” license issued by the Division. A recovery agent is a person who performs or advertises as providing repossessions for consideration. Section 493.6101(21), Fla.Stat. (Supp.1990). Section 493.6101(22), Florida Statutes (Supp.1990), defines repossession as:
the recovery of a motor vehicle as defined under s. 320.01(1), or mobile home as defined in s. 320.01(2), or motorboat as defined under s. 327.02(15), by an individual who is authorized by the legal owner, lienholder, or lessor to recover, or to collect money payment in lieu of recovery of, that which has been sold or leased under a security agreement that contains a repossession clause. A repossession is complete when a licensed recovery agent is in control, custody, and possession of such motor vehicle, mobile home, or motorboat.
At oral argument in this case, the Division pointed out that while the act of merely locating vehicles to be repossessed may appear somewhat innocuous, in point of fact, location can include activities such as surreptitious surveillance, and contacting debtors at their places of business. Accordingly, the Division urges that the definition of repossession is broad enough to include the activities of the Butlers, even if one assumes that the Butlers merely located automobiles. We find that the construction given by the Division to this statute is not clearly erroneous, and accordingly we affirm as to this issue. Pershing Indus. Inc. v. Dep’t of Banking and Fin., 591 So.2d 991 (Fla. 1st DCA 1991).
Rod’s next argues that the Division erred in finding that appellant was in violation of the law by conducting a recovery agency business without a valid Class “R” license. Prior to October 1, 1990, an individual holding a valid Class “E” license *460 was allowed to operate a recovery agency. After the effective date of the amendments to Chapter 493, a Class “R” license became necessary. Ch. 90-364, Laws of Fla. In arguing that a Class “E” license was sufficient to allow Rod’s to continue operation after October 1, 1990, appellant points to section 493.6126(2), Florida Statutes (Supp. 1990), which provides: “All licenses valid on October 1, 1990, shall remain in full force and effect until expiration or revocation by the department.” We agree with appellant’s interpretation of this saving clause. “Where a saving clause is appended to an act which by express declaration or by necessary implication repeals another enactment, the law repealed is continued in force as to existing rights and pending actions in accordance with the terms of the saving clause.” Dade County v. Wiseheart, 198 So.2d 94, 97 (Fla. 3d DCA 1967) (citation omitted). Prior to October 1,1990, section 493.304(6), Florida Statutes (1989), provided that “any person who performs the services of a repossessor must have a Class “E” license.” There is no dispute that appellant held a valid Class “E” license. Since the saving clause relied upon by appellant provided that a license valid on October 1, 1990, would remain “in full force and effect until expiration,” we find that the authority to operate a recovery agency under a Class “E” license was preserved under the new statute, until the expiration of such existing license. The contrary interpretation urged by the Division would have the effect of improperly divesting appellant of valuable rights prior to the expiration of a properly obtained license. We decline to construe the statute in such a manner.
That portion of the final order imposing a penalty for violation of section 493.-6118(l)(n), Florida Statutes (Supp.1990), is affirmed. That portion of the order assessing a penalty for violation of section 493.-6118(l)(g), Florida Statutes (Supp.1990), is reversed.
SHIVERS and ZEHMER, JJ., concur.