PER CURIAM.
Maria Amelia Pou appeals an order of the Department of Insurance temporarily suspending her license. We affirm in part and reverse in part.
As this is a licensing disciplinary procedure, the burden on the Department at the administrative hearing was to establish the allegations in the administrative complaint by clear and convincing evidence. See Ferris v. Turlington, 510 So.2d 292, 294 (Fla.1987); Hoover v. Agency for Health Care Admin., 676 So.2d 1380, 1382 (Fla. 3d DCA 1996).
Our standard of review is whether there was competent substantial evidence to support the findings of the administrative law judge. See § 120.68(6)(b), Fla. Stat.
After consideration of the record and the contentions of the parties, we conclude that the evidence is insufficient to support the finding that the appellant insurance agent willfully misrepresented the insurance premium to the customer, as opposed to simply making an error. Since the element of willfulness is not supported by the record, we reverse with respect to paragraph 56 of the recommended order.[1]
We also reverse so much of paragraph 57 as held that the insurance agent willfully misappropriated an insurance premium amount of $997 which was paid by the agency customer. Here, the funds remained at all times in the agency’s escrow account. At no time were the funds withdrawn, much less applied for some improper purpose. The finding of willfid misappropriation is reversed.[2]
*942 We affirm the remainder of paragraph 57, which found that (a) funds were unlawfully withheld, and (b) the insurance agent failed to refund the insureds’ unearned premium within a reasonable time after the insurance was cancelled. We also affirm paragraph 55. We remand this case to the insurance commissioner to reconsider the issue of penalty in light of this opinion.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

. The recommended order was adopted in its entirety by the Department of Insurance in its final order.

. Section 626.611(10), Florida Statutes (1993), prohibits misappropriation but does not define the term. Misappropriation has been defined as:
The unauthorized, improper, or unlawful use of funds or other property for purpose other than that for which intended.
*942 Black's Law Dictionary 998 (6th ed. 1990).