PER CURIAM.
Hialeah Racing Association, LLC (“Hialeah Racing”), appeals a final order of the *1236 Department of Business and Professional Regulation revoking Hialeah Racing’s pari-mutuel wagering thoroughbred racing permit and denying its 2003-2004 annual thoroughbred racing license application. Finding no merit to Hialeah Racing’s arguments on appeal, we affirm.
The record demonstrates that the Department’s order is supported by competent, substantial evidence. § 120.68(7)(b), Fla. Stat. (2004); Pou v. Dept. of Ins., 707 So.2d 941 (Fla. 3d DCA 1998); Pershing Indus., Inc. v. Dep’t of Banking & Fin., 591 So.2d 991 (Fla. 1st DCA 1991). Additionally, this court will not overturn an agency’s construction of a statute it has been entrusted to administer where its interpretation is not clearly erroneous. Pan Am. World Airways, Inc. v. Fla. Pub. Serv. Comm., 427 So.2d 716 (Fla.1983); Pershing Indus., Inc. The record supports the agency’s finding that Hialeah’s voluntary decision not to run its scheduled races was based purely on an economic concern, which is not a statutory exception.[1] Section 550.01215(4), Florida Statutes (2002), clearly specifies that “[f]i-nancial hardship to the permitholder shall not, in and of itself, constitute just cause for failure to operate all performances on the date and at the times specified.” The financial hardship causing Hialeah Racing’s inability to field enough horses to compete against other racetracks does not constitute just cause under the statute. Moreover, as Hialeah’s remaining point on appeal lacks merit, there is no basis for disturbing the final order.
Affirmed.

. Failure to operate performances at the date and time specified on a license subjects a permitholder to fine or suspension of a license "unless such failure was the direct re-suit of fire, strike, war, or other disaster or event beyond the ability of the permitholder to control.” § 550.01215(4), Fla. Stat. (2002).