595 So.2d 966 (1992)
John W. DELK, D.D.S., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Appellee.
No. 91-518.
District Court of Appeal of Florida, Fifth District.
January 24, 1992.
Kelvin L. Averbuch, Orlando, for appellant.
Charles F. Tunnicliff, Bureau Chief, Legal Dept., and Lisa S. Nelson, Asst. General Counsel, Dept. of Professional Regulation, Tallahassee, for appellee.
PER CURIAM.
Florida Statutes, and Rules set forth in the Florida Administrative Code, regulate the practice of dentistry. Appellant Delk, a dentist, was tried by the Department of Professional Regulation (DPR), Board of Dentistry, for the violation of certain statutes by delegating professional responsibilities to a person not qualified to perform them (§ 466.028(1)(aa), Florida Statutes *967 (1986)) and by failing to meet minimum community standards of professional competency (§ 466.028(1)(y), Florida Statutes (1986)). Although the dentist contested the alleged facts and denied that any of his conduct violated the statutes, the hearing officer found otherwise and recommended sanctions. It was brought to the attention of the Board of Dentistry reviewing the hearing officer's findings, conclusions and recommendations that the misconduct charged allegedly occurred in 1984 and 1985 but that the statutes the dentist was found to have violated were amended and enacted as amended effective October 1, 1986.[1] Notwithstanding, the Board of Dentistry approved certain of the hearing officer's findings and conclusions and imposed sanctions.
In this appeal the dentist argues that he cannot be found guilty of violating statutes effective in 1986 by virtue of conduct occurring in 1984 and 1985. The DPR argues that while the statutes in question were amended in 1985 and 1986 and while the defendant was tried under the 1986 statutes, nevertheless, the basic statutes were in effect in 1983 and that the 1985 and 1986 statutory amendments were not significant. The dentist argues that the statutory changes involve both form and substance and that the 1986 statutes he was found to have violated were substantially and materially different than the 1983 statutes.
We have examined the statutes and the changes and cannot hold with certainty that the 1986 statutes were substantially the same as the 1983 version which were applicable to the dentist's alleged misconduct. Presumptively the Legislature intends to change a statute when it is amended and the statutes after the amendments appear to either prohibit conduct not prohibited by the 1983 statutes or to more clearly prohibit conduct which was not clearly prohibited by the 1983 statutes.
A professional has a property interest in his license to practice his profession protected by the due process clauses of the state and federal constitutions[2] which provide that no person shall be deprived of life, liberty or property without due process of law. See, Robinson v. Florida Board of Dentistry, 447 So.2d 930 (Fla. 3d DCA 1984). Due process includes a prohibition against ex post facto laws which deprive a citizen of life, liberty or property based on conduct occurring before the effective date of the prohibition. It is a basic tenet of common law pleading that "the allegata and probata must correspond and agree." See, Rose v. State, 507 So.2d 630 (Fla. 5th DCA 1987). This is basic due process of law and means that not only must the proof at trial or hearing be that conduct charged in the accusatorial document, but also that the conduct proved must legally fall within the statute or rule claimed to have been violated. Conduct occurring before the effective date of the prohibition does not meet this standard.
The dentist was never charged with, nor found guilty of, a violation of section 466.024(1)(a), Florida Statutes, by the hearing officer and the Board of Dentistry found the dentist guilty of that charge because it considered that statute more applicable to the facts found by the hearing officer than the statute specified in the charges. Therefore, the determination of the violation of that statute must be reversed.
The record shows that sections 466.028(1)(aa) and 466.028(1)(y), Florida Statutes (1986) were not in existence at the time of the conduct alleged. The determination that the dentist violated those statutes must also be reversed because those statutes, as distinguished from their 1983 predecessor statutes, cannot be retroactively applied to the earlier misconduct charged. The final order of the Board is
REVERSED.
COBB, COWART and GRIFFIN, JJ., concur.
NOTES
[1] Ch. 86-291, § 18, Laws of Florida.
[2] See Art. I, § 9, Fla. Const. and U.S. Const. amend. V, XIV.