647 So.2d 245 (1994)
OSBORNE STERN AND COMPANY, INC., and Douglas W. Osborne, Appellants,
v.
DEPARTMENT OF BANKING AND FINANCE, DIVISION OF SECURITIES AND INVESTOR PROTECTION, Appellee.
No. 91-488.
District Court of Appeal of Florida, First District.
November 18, 1994.
*246 R. David Prescott and Edward W. Dougherty, Jr., of Mang, Rett & Collette, P.A., Tallahassee, for appellants.
William G. Reeves, Gen. Counsel, and Gary L. Printy, Asst. Gen. Counsel, Office of the Comptroller, Tallahassee, for appellee.

REVISED OPINION
PER CURIAM.
This is an appeal from a final cease and desist order of the Department of Banking and Finance (the Department), which also denies applications for registration to deal in securities and imposes administrative fines. We reverse and remand for further proceedings because the hearing officer erred in excluding evidence of mitigating circumstances as to three of the four statutes appellants were accused of violating and because the hearing officer applied an improper burden of proof.
Appellants applied for registration with the Department to deal in securities.[1] By letter of December 5, 1989, the Department notified appellants of its intent to deny the registration applications under section 517.161, Florida Statutes (1989),[2] based upon appellants' *247 having violated sections 517.12(1), 517.07, 517.301(1)(a)2, and 517.301(1)(c), Florida Statutes (1989).[3] Appellants filed a petition for formal hearing, and the matter was referred to the Division of Administrative Hearings and assigned case number 90-873. On May 3, 1990, the Department issued a notice of intent to issue a cease and desist order and impose administrative fines against appellants and others under section 517.221.[4] As to appellants, the notice was based upon the same facts and circumstances alleged in the prior notice of intent to deny the registration applications. Appellants petitioned for a formal hearing, and the matter was referred to DOAH, assigned case number 90-4584, and consolidated with case number 90-873.
Prior to the hearing, the Department filed a motion in limine as to both cases to preclude appellants from introducing evidence of mitigating circumstances as to the alleged violations of sections 517.12(1), 517.07, and 517.301(1)(a)2, Florida Statutes, on the ground that these sections impose strict liability. The Department did not seek to preclude such evidence as to the alleged violations of section 517.301(1)(c), Florida Statutes, which imposes liability based upon a "knowingly and willfully" standard. By written pro-se response, appellants argued that evidence of mitigating circumstances would be relevant, even under the strict liability statutes, to the exercise of the Department's discretion "to properly assess what damages, if any, [appellants] are responsible for." The hearing officer granted the motion.
The hearing officer ruled that appellants had the burden of proving their entitlement to registration by a preponderance of the evidence, citing Florida Department of Transportation v. J.W.C. Company, 396 So.2d 778 (Fla. 1st DCA 1981), and Balino v. *248 Department of Health & Rehabilitative Services, 348 So.2d 349 (Fla. 1st DCA 1977), and further ruled that the Department, in seeking to impose civil penalties upon appellants, likewise had to prove the allegations in the cease and desist proceeding by a preponderance of the evidence, citing Florida Department of Transportation v. J.W.C. Company. The Department's final order approved this ruling.
At the hearing, Douglas W. Osborne appeared pro se and on behalf of Osborne Stern. Although Osborne admitted generally to having violated unspecified security laws, he denied fraudulent intent. The hearing officer sustained the Department's objections to parts of Osborne's testimony on the ground that such testimony was irrelevant mitigating evidence. The Department's representative testified that she contacted appellants and told them they were not to trade in Florida until registered. The representative then offered as proof of appellants' misconduct a series of letters and affidavits from Florida investors with whom appellants had traded.
In his recommended order of December 5, 1990, the hearing officer found that appellants had violated each of the four predicate statutes. The hearing officer recommended imposition of a $5,000 fine as to each violation, denial of appellants' applications for registration, and entry of a final cease and desist order. The Department denied the applications for registration, entered a final cease and desist order, and imposed a $5,000 fine for each of the four statutes appellants were found to have violated.
We turn, then, to the issues raised by appellants. Section 517.161, Florida Statutes, under which the Department denied the applications for registration, permits, but does not require, the Department to deny an application upon proof that an applicant has violated one or more of the provisions of chapter 517. The Department is required to make a determination as to whether an applicant has demonstrated worthiness to transact business as a dealer of securities in this state.[5] The statutory scheme contemplates that an applicant be permitted to explain and mitigate the circumstances of any violations of chapter 517 found to have occurred. Castleman v. Office of the Comptroller, Dept. of Banking & Finance, 538 So.2d 1365, 1367 (Fla. 1st DCA 1989). Section 517.221, Florida Statutes, under which the Department issued its cease and desist order and under which the Department imposed administrative fines upon appellants, also requires the Department to exercise its discretion. Under the circumstances of this case, the refusal to permit appellants to present evidence of mitigating circumstances before denying appellants' applications for registration and before entering the final cease and desist order and assessing $20,000 in penalties, was a material error which impaired the fairness of the proceedings below. See section 120.68(8), Florida Statutes (1989). Accordingly, we must reverse on this point.
The hearing officer correctly ruled that an applicant for licensure or registration to engage in a particular profession or occupation bears the burden of showing entitlement thereto by a preponderance of the evidence. However, that does not mean that the applicant must disprove that violations occurred as alleged by the Department; the Department had the burden of proving the alleged violations actually occurred if the registration is to be denied on that ground.
In Ferris v. Turlington, 510 So.2d 292 (Fla. 1987), the supreme court explained:
The correct standard for the revocation of a professional license such as that of a lawyer, real estate broker, or, as in this instance, a teacher, is that the evidence must be clear and convincing. We agree with the district court in Reid v. Florida Real Estate Commission, 188 So.2d 846, 851 (Fla. 2d DCA 1966), that:
The power to revoke a license should be exercised with no less careful circumspection than the original granting of it. *249 And the penal sanctions should be directed only toward those who by their conduct have forfeited their right to the privilege, and then only upon clear and convincing proof of substantial causes justifying the forfeiture.
In a case where the proceedings implicate the loss of livelihood, an elevated standard is necessary to protect the rights and interests of the accused.
510 So.2d at 294-95. We construe the supreme court's explanation to mean that the same clear and convincing standard is applicable to disputes over the granting of a license as it is to the revocation or suspension of a license.
Following Ferris v. Turlington, this court has approved the application of the clear and convincing evidence standard where only a civil fine was imposed, although the sanction of suspension or revocation of the respondent's harbor pilot license was a potential penalty. McDonald v. Department of Professional Regulation, 582 So.2d 660, 663 (Fla. 1st DCA 1991).[6] We have likewise applied that standard to the suspension of a real estate broker's license, Munch v. Department of Professional Regulation, 592 So.2d 1136, 1143 (Fla. 1st DCA 1992), and a license to operate as a citrus fruit dealer, Evans Packing Co. v. Department of Agriculture, 550 So.2d 112 (Fla. 1st DCA 1989).
We see no legally significant difference between the licensure of real estate brokers and the registration of a securities broker or associated person under chapter 517; one cannot engage in either occupation without holding a valid license or registration. Therefore, we hold that the clear and convincing evidence standard is applicable in a proceeding whereby the Department of Banking and Finance undertakes either to revoke an outstanding securities registration or to deny the issuance of a registration based on alleged violations of statutory provisions regulating that occupation, so long as the applicant is otherwise shown to be qualified. Thus, once the applicant has established qualification for registration by a preponderance of the evidence, the Department's denial of such registration or imposition of a civil penalty based on asserted violations of the regulatory statute should be proved by clear and convincing evidence.
Since the appealed order was not based on the correct burden of proof, it must be reversed and remanded for the application of the proper burden of proof. While there is substantial evidence in this record establishing the violations charged by the Department, it is not for this court to initially decide whether such evidence meets the clear and convincing standard.
We certify the following question of great public importance to the supreme court:
IN DENYING AN APPLICATION FOR REGISTRATION TO SELL SECURITIES AND IMPOSING CIVIL FINES FOR ALLEGED VIOLATIONS OF PROVISIONS IN CHAPTER 517 REGULATING THE SALE OF SECURITIES, IS THE DEPARTMENT OF BANKING AND FINANCE REQUIRED TO PROVE SUCH ALLEGATIONS BY CLEAR AND CONVINCING EVIDENCE?
The order appealed from is reversed, and this cause is remanded for proceedings consistent with this opinion.
ALLEN, J., concurs.
BOOTH, J., concurs and dissents with written opinion.
ZEHMER, C.J., concurs with written opinion.
ZEHMER, Chief Judge (concurring).
I fully concur in the majority opinion because I am unable to reconcile the principles underlying the decision in Ferris v. Turlington with the notion that the Department, based on alleged violations of statutory provisions regulating one registered or licensed to engage in this particular business, is nevertheless authorized to impose a civil penalty *250 (as in this case) and deny an applicant the right to be registered or licensed to engage in the regulated business or occupation based on a standard of proof that is less than clear and convincing evidence of guilt. The cases cited by the hearing officer were handed down long before the supreme court's more recent decision in Ferris v. Turlington. It would be patently unfair, indeed incongruous, to allow the Department to avoid meeting the more stringent burden set forth in Ferris in a proceeding for the imposition of fines for specific willful violations of statutory provisions regulating this business merely because the proceeding is incident to the denial of a registration application rather than the potential revocation or suspension of such registration. The consequences of losing in either case are the same; the fine must be paid and the person involved is prohibited from engaging in the regulated business.
BOOTH, Judge, concurring and dissenting:
I concur in the majority's holding that the hearing officer and Department erred in refusing to allow appellants to introduce evidence of mitigating circumstances as to three of the four statutes appellants were accused of having violated. I cannot agree, however, that because the proceeding below involved a dispute as to appellants' fitness for registration to deal in securities, that the Department had the burden of presenting clear and convincing evidence of the basis for its determination that appellants are unfit for registration.
The general rule is that a party asserting the affirmative of an issue has the burden of presenting evidence as to that issue. Florida Department of Transportation v. J.W.C. Company, 396 So.2d 778 (Fla. 1st DCA 1981). Thus, the majority is correct in its observation that appellants had the burden of presenting evidence of their fitness for registration. The majority is also correct in its holding that the Department had the burden of presenting evidence that appellants had violated certain statutes and were thus unfit for registration. The majority's conclusion, however, that the Department had the burden of presenting its proof of appellants' unfitness by clear and convincing evidence is wholly unsupported by Florida law and inconsistent with the fundamental principle that an applicant for licensure bears the burden of ultimate persuasion at each and every step of the licensure proceedings, regardless of which party bears the burden of presenting certain evidence. Pershing Industries, Inc. v. Department of Banking and Finance, 591 So.2d 991 (Fla. 1st DCA 1991); Cordes v. State Department of Environmental Regulation, 582 So.2d 652 (Fla. 1st DCA 1991); Young v. State Department of Community Affairs, 567 So.2d 2 (Fla. 3d DCA 1990), quashed on other grounds, 625 So.2d 831 (Fla. 1993); Boca Raton Artificial Kidney Center, Inc. v. Florida Department of Health and Rehabilitative Services, 475 So.2d 260 (Fla. 1st DCA 1985); Astral Liquors v. State Department of Business Regulation, 432 So.2d 93 (Fla. 3d DCA 1983); approved 463 So.2d 1130 (Fla. 1985), and J.W.C. Company, supra. This holding is equally inconsistent with the principle that an agency has particularly broad discretion in determining the fitness of applicants who seek to engage in an occupation the conduct of which is a privilege rather than a right. See Department of Business Regulation v. Martin County Liquors, 574 So.2d 170 (Fla. 1st DCA 1991); and Astral Liquors.
Ferris v. Turlington, 510 So.2d 292 (Fla. 1987), and the subsequent decisions of this court on which the majority relies do not support the majority's conclusion that the clear and convincing evidence standard is applicable to disputes over the granting of a license. The holding of Ferris, supra, was that the correct standard for revocation of a professional license is that the evidence be clear and convincing. In each of the subsequent cases cited by the majority, this court applied the clear and convincing evidence standard when the respondent was threatened with the revocation or suspension of an existing license. The majority's effort to extract from Ferris a clear and convincing evidence requirement in license application dispute proceedings is ill advised because there are valid reasons why the holder of an existing professional license should be afforded greater legal protection than an applicant for license. Certain of these reasons are suggested by the court in Reid v. Florida *251 Real Estate Commission, 188 So.2d 846, 850-51 (Fla. 2d DCA 1966), on which Ferris relies, as follows:
The taking away of a person's license to engage in a privileged business or profession by administrative action is one of the most drastic proceedings known to the law. At one stroke of the pen it takes aways [sic] his means of livelihood, and casts an immediate blight upon his whole life and that of his family and business associates... . Such license is not only a paper writing that permits the holder to legally engage in the activities described therein, but it is also a proclamation to the world that the person to whom the license is issued has qualified to be chosen as a recognized member of a privileged business or profession. It is a most valuable property right; one to be proud of and to be zealously guarded and protected. It singles out a person as being an honorable citizen in the society of people.
The foregoing considerations governing license revocation weigh considerably less heavily in application dispute proceedings.
The law recognizes a valuable property right in an existing license, but not in an application for license.[7] Another distinction is the time requirement governing applications for license. Under Florida Statutes section 120.60(2), an application must be granted or denied within 90 days, a time frame not applicable to revocation proceedings. In view of this time frame, the additional proof requirements for denial of licensure, now imposed by the majority, may very well result in licenses being granted which normally would not be granted, and licenses being obtained by default. See, e.g., Naples Community Hospital v. H.R.S., 463 So.2d 375 (Fla. 1st DCA 1985); and also, State, DOT v. Calusa Trace Development, Corp., 571 So.2d 543 (Fla. 2d DCA 1990).
NOTES
[1] Both appellants were required by section 517.12, Florida Statutes (1989), to register with the Department before engaging in the securities business in this state. This registration process is closely akin to, if not in fact, a licensure proceeding, because one is precluded from engaging in certain business activities unless validly registered by the state to do so.
[2] Section 517.161, Florida Statutes (1989), in pertinent part:

Revocation, denial, or suspension of registration of dealer, investment adviser, associated person, or branch office. 
(1) Registration under s. 517.12 may be denied or any registration granted may be revoked, restricted, or suspended by the department if the department determines that such applicant or registrant:
(a) Has violated any provision of this chapter or any rule or order made under this chapter.
... .
(c) Has been guilty of a fraudulent act in connection with any sale of securities, has been or is engaged or is about to engage in making fictitious or pretended sales or purchases of any such securities, or has been or is engaged or is about to engage in any practice or sale of securities which is fraudulent or in violation of the law;
(d) Has made a misrepresentation or false statement to, or concealed any essential or material fact from any person in the sale of a security to such person;
... .
(h) Has demonstrated his unworthiness to transact the business of dealer, investment adviser, or associated person;
... .
(l) Is of bad business repute.
... .
(4) It shall be sufficient cause for denial of an application or revocation of registration, in the case of a partnership, corporation, or unincorporated association, if any member of the partnership or any officer, director, or ultimate equitable owner... . has been guilty of an act or omission which would be cause for denying or revoking the registration of an individual dealer, investment adviser, or associated person.
[3] Section 517.12(1), Florida Statutes (1989), provides in pertinent part:

No dealer, associated person, or issuer of securities shall sell or offer for sale any securities in or from offices in this state, or sell securities in this state to persons of this state from offices outside this state ... unless the person has been registered with the department pursuant to the provisions of this section.
Section 517.07 (1989), Florida Statutes, provides in pertinent part:
Registration of securities.  No securities except of a class exempt ... shall be sold or offered for sale within this state unless such securities have been registered, as hereinafter defined, and unless prior to each sale the purchaser is furnished with a prospectus meeting the requirements of rules adopted by the department.
Section 517.301 (1989), Florida Statutes, provides in pertinent part:
517.301 Fraudulent transactions; falsification or concealment of facts. 
(1) It is unlawful and a violation of the provisions of this chapter for a person:
(a) In connection with the offer, sale, or purchase of any investment or security, ... directly or indirectly:
... .
2. To obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading... .
... .
(c) In any matter within the jurisdiction of the department, to knowingly and willfully falsify, conceal, or cover up, by any trick, scheme, or device, a material fact, make any false, fictitious, or fraudulent statement or representation, or make or use any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry.
[4] Section 517.221, Florida Statutes (1989), provides in pertinent part:

(1) The department may issue and serve upon a person a cease and desist order whenever the department has reason to believe that such person is violating, has violated, or is about to violate any provision of this chapter, any rule or order promulgated by the department, or any written agreement entered into with the department.
... .
(3) The department may impose and collect an administrative fine against any person found to have violated any provision of this chapter, any rule or order promulgated by the department, or any written agreement entered into with the department in an amount not to exceed $5,000 for each such violation. All fines collected hereunder shall be deposited as received in the Anti-Fraud Trust Fund.
[5] Section 517.12(11), Florida Statutes (1989), provides in pertinent part:

If the department finds that the applicant is of good repute and character and has complied with the provisions of this chapter and the rules made pursuant hereto, it shall register the applicant.
[6] Adherence to the preponderance of the evidence standard applied in federal administrative law cases for revocation of a license to engage in a particular occupation is inappropriate under Florida law. See McDonald, 582 So.2d 660, 674-75 (Fla. 1st DCA 1991) (Zehmer, J, concurring).
[7] Reid v. Florida Real Estate Commission, 188 So.2d 846 (Fla. 2d DCA 1966); Delk v. D.P.R., 595 So.2d 966, 967 (Fla. 5th DCA 1992).