670 So.2d 932 (1996)
DEPARTMENT OF BANKING AND FINANCE, DIVISION OF SECURITIES AND INVESTOR PROTECTION, Petitioner,
v.
OSBORNE STERN AND COMPANY, et al., Respondents.
No. 84827.
Supreme Court of Florida.
March 28, 1996.
Paul C. Stadler, Jr., Assistant General Counsel, Office of the Comptroller, Tallahassee, for Petitioner.
No appearance, for Respondents.
PER CURIAM.
We have for review a district court decision passing upon the following question certified to be of great public importance:

*933 IN DENYING AN APPLICATION FOR REGISTRATION TO SELL SECURITIES AND IMPOSING CIVIL FINES FOR ALLEGED VIOLATIONS OF PROVISIONS OF CHAPTER 517 REGULATING THE SALE OF SECURITIES, IS THE DEPARTMENT OF BANKING AND FINANCE REQUIRED TO PROVE SUCH ALLEGATIONS BY CLEAR AND CONVINCING EVIDENCE?
Osborne Stern & Co. v. Department of Banking and Fin., 647 So.2d 245 (Fla. 1st DCA 1994). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Respondents appealed from an order of the Department of Banking and Finance (the Department) requiring respondents to cease and desist their violations of securities laws, imposing administrative fines, and denying respondents' application for registration to deal in securities. The First District reversed and remanded for further proceedings because the administrative hearing officer erred in excluding evidence of mitigating circumstances as to three of the four statutes respondents were accused of violating, and because the hearing officer failed to require the Department to prove respondents' violations of securities laws by clear and convincing evidence.
The question certified by the district court actually raises two related but separate issues:
Issue 1: Must the Department of Banking and Finance prove by clear and convincing evidence that an applicant has violated provisions of chapter 517, regulating the sale of securities, in order to deny the applicant's registration to sell securities because of those violations?
Issue 2: Must the Department of Banking and Finance prove by clear and convincing evidence alleged violations of chapter 517, regulating the sale of securities, in order to impose administrative fines upon any person for those violations?
We answer the first issue in the negative, the second issue in the affirmative, and remand for further proceedings consistent with this opinion. The facts of this case are set forth in the opinion below. See Osborne, 647 So.2d at 246-47.

LICENSE APPLICATION PROCEEDINGS
It is well-established that a factual finding by an administrative agency will not be disturbed on appeal if it is supported by "substantial evidence." Nelson v. State ex rel. Quigg, 156 Fla. 189, 191, 23 So.2d 136 (1945), cert. denied, 327 U.S. 790, 66 S.Ct. 809, 90 L.Ed. 1016 (1946); see also § 120.68(10), Fla.Stat. (1981). Nevertheless, parties are held to varying standards of proof at the fact-finding stage in administrative proceedings depending on the nature of the proceedings and the matter at stake. Bowling v. Department of Ins., 394 So.2d 165, 171 (Fla. 1st DCA 1981). For instance, in Ferris v. Turlington, 510 So.2d 292 (Fla.1987), we concluded that "[i]n a case where the proceedings implicate the loss of livelihood, an elevated standard is necessary to protect the rights and interests of the accused." Id. at 295. Consequently, we held that the clear and convincing evidence standard applied in proceedings involving the revocation of a professional license. Id.
In holding that the hearing officer failed to apply the clear and convincing evidence standard of proof to the license application proceedings in this case, the First District construed our decision in Ferris to mean "that the same clear and convincing standard is applicable to disputes over the granting of a license as it is to the revocation or suspension of a license." Osborne, 647 So.2d at 249.[1]
*934 While we take this opportunity to reaffirm our decision in Ferris, we decline to extend the clear and convincing evidence standard to license application proceedings. Instead, we agree with the analysis of Judge Booth explaining that in license application proceedings:
The general rule is that a party asserting the affirmative of an issue has the burden of presenting evidence as to that issue. Florida Department of Transportation v. J.W.C. Company, 396 So.2d 778 (Fla. 1st DCA 1981). Thus, the majority is correct in its observation that appellants had the burden of presenting evidence of their fitness for registration. The majority is also correct in its holding that the Department had the burden of presenting evidence that appellants had violated certain statutes and were thus unfit for registration. The majority's conclusion, however, that the Department had the burden of presenting its proof of appellants' unfitness by clear and convincing evidence is wholly unsupported by Florida law and inconsistent with the fundamental principle that an applicant for licensure bears the burden of ultimate persuasion at each and every step of the licensure proceedings, regardless of which party bears the burden of presenting certain evidence. This holding is equally inconsistent with the principle that an agency has particularly broad discretion in determining the fitness of applicants who seek to engage in an occupation the conduct of which is a privilege rather than a right.
Osborne, 647 So.2d at 250 (Booth, J., concurring and dissenting) (citations omitted). We emphasize the correctness of Judge Booth's conclusion that, while the burden of producing evidence may shift between the parties in an application dispute proceeding, the burden of persuasion remains upon the applicant to prove her entitlement to the license. Id.[2]
The denial of registration pursuant to section 517.161(6)(a), Florida Statutes (1989), is not a sanction for the applicant's violation of the statute, but rather the application of a regulatory measure. School Board of Pinellas County v. Noble, 384 So.2d 205, 206 (Fla. 1st DCA), review denied, 389 So.2d 1114 (Fla.1980); Lester v. Department of Prof. and Occ. Regulations, 348 So.2d 923 (Fla. 1st DCA 1977). Further, such a denial is without prejudice to an applicant's subsequent attempts at registration.[3]
The clear and convincing evidence standard is also inconsistent with the discretionary authority granted by the Florida legislature to administrative agencies responsible for regulating professions under the State's police power. Boedy v. Department of Professional Regulation, 463 So.2d 215 (Fla. 1985).[4] In this case, the Department was required to determine whether the respondents had demonstrated worthiness to transact business in Florida before approving their application. § 517.12(11), Fla.Stat. (1989). At the formal hearing, the Department presented evidence that the respondents had violated several provisions of chapter 517. The Department offered testimony from its representative, who had warned respondents *935 that their conduct was illegal, as well as a series of letters and affidavits from Florida investors with whom respondents had traded without being registered. Based on the evidence, the hearing officer found that the respondents had violated the relevant statutory provisions.
Nothing about this case shows that the present standard invites an abuse of discretion by the Department in denying registration applications, or results in the denial of licenses which otherwise should or would be granted if the Department were put to a higher burden of proof. In short, this case fails to provide any meaningful reasons warranting the extension of the clear and convincing evidence standard to application proceedings.

ADMINISTRATIVE FINES
The second issue raised in the district court's certified question is whether the Department must prove that an applicant has violated provisions of chapter 517 by clear and convincing evidence in order to levy administrative fines against the applicant pursuant to section 517.221(3), Florida Statutes (1993).[5] This case is in somewhat of an unusual posture, since it involves the denial of registration based upon prior violations of a regulatory scheme. Nevertheless, we look to the nature of the proceedings and their consequences to determine the degree of proof required to justify the Department's imposition of administrative fines under section 517.221(3).
Unlike the denial of an applicant's registration, an administrative fine deprives the person fined of substantial rights in property. Administrative fines, like the ones imposed upon respondents in this case, are generally punitive in nature. See Santacroce v. State, Department of Banking and Finance, 608 So.2d 134, 137 (Fla. 4th DCA 1992). Because the imposition of administrative fines under section 517.221(3), like license revocation proceedings, are penal in nature and implicate significant property rights, the extension of the clear and convincing evidence standard to justify the imposition of such a fine is warranted. Accordingly, we agree with the district court that, because the Department's final order imposing a $5,000 fine for each of the four statutes respondents allegedly violated does not indicate that it was based upon a clear and convincing evidence standard, the case must be remanded for the application of the proper burden of proof. Osborne, 647 So.2d at 249. While there is substantial evidence in the record to support the violations charged by the Department, the district court correctly noted that the existence of evidence in the record supporting the hearing officer's findings is irrelevant to whether the fact-finder held the Department to the correct standard of proof at the administrative proceeding. Id. In addition, we do not disturb the district court's unanimous holding that mitigating evidence was improperly excluded.

CONCLUSION
In conclusion, we quash that portion of the district court's decision extending the clear and convincing evidence standard to license application proceedings. However, we approve of the district court's finding that the hearing officer erred by (1) refusing to allow respondents to offer evidence of mitigating circumstances as to their alleged violations of securities law, and (2) failing to require the Department to prove respondents' alleged violations of securities law by clear and convincing evidence before imposing fines under section 517.221(3).
Therefore, we remand this case for further proceedings consistent herewith: (1) to allow respondents to present mitigating evidence and (2) to require the Department, as a prerequisite to the imposition of substantial *936 fines, to prove respondents' alleged violations of securities law by clear and convincing evidence.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] We acknowledge that a quote appearing in the case of Reid v. Florida Real Estate Commission, 188 So.2d 846 (Fla. 2d DCA 1966), may have been one source of the district court's construction of Ferris. In Ferris, we stated:

We agree with the district court in Reid v. Florida Real Estate Commission, 188 So.2d 846, 851 (Fla. 2d DCA 1966), that:
The power to revoke a license should be exercised with no less careful circumspection than the original granting of it. And the penal sanctions should be directed only toward those who by their conduct have forfeited their right to the privilege, and then only upon clear and convincing proof of substantial causes justifying the forfeiture.
Ferris v. Turlington, 510 So.2d 292, 294-95 (Fla. 1987).
[2] Of course, upon appellate review, an administrative decision denying a license will not be sustained unless it can be demonstrated that the decision is supported by competent, substantial evidence present in the record.
[3] See § 517.161(6)(a), Fla.Stat. (1993) (denial of registration under this subsection is without prejudice to applicant's ability to reapply for registration).
[4] Other professions also recognize the difference in character between proceedings for licensure and suspension or revocation. For instance, while clear and convincing evidence is required to prove misconduct justifying disbarment, Florida Bar v. Rayman, 238 So.2d 594 (Fla.1970); State ex rel. Florida Bar v. Bass, 106 So.2d 77 (Fla.1958), we have not extended such standard to admission proceedings to the Florida Bar. Florida Board of Bar Examiners re R.B.R., 609 So.2d 1302, 1304 (Fla.1992). In R.B.R., we concluded

that the Board's findings are supported by competent and substantial evidence and that such findings in the aggregate are sufficient to justify nonadmission to the Bar. Although R.B.R. presented evidence of his success in law school and letters of recommendation from his probation officer, law professors, and employers, the Board found this evidence to be insufficient to overcome the seriousness of R.B.R.'s misconduct and his continuing lack of candor. We agree.
[5] Section 517.221(3) reads:

The department may impose and collect an administrative fine against any person found to have violated any provision of this chapter, any rule or order promulgated by the department, or any written agreement entered into with the department in an amount not to exceed $5,000 for each such violation. All fines collected hereunder shall be deposited as received in the Anti-Fraud Trust Fund.