FARMER, Judge.
Petitioners filed applications with the Division of Alcoholic Beverages and Tobacco (Division) for the transfer of their alcoholic beverage licenses and thus received temporary licenses while the Division processed their applications. After considering the applications, the Division served petitioners with Notices of Disapproval setting forth the facts on which the disapproval was based. Desiring to contest those facts, petitioners promptly filed requests for a formal hearing under sections 120.569 and 120.60.[1] The Division deemed the temporary licenses expired as of the day it served petitioners with the Notices of Disapproval and therefore removed the licenses from their establishments and posted warnings that service of alcoholic beverages without a license was illegal.[2]
Petitioners then filed the present proceedings [3] to review the Notices of Disapproval to the extent that the temporary licenses are deemed expired as of the service of the Notices.[4] They moved for a stay of the expiration of their licenses pending these review proceedings, and we granted the motions. After consideration of the Division’s response to our show cause order we entered an order granting review, holding that the Division’s determination of license expiration was erroneous. We now explain our decision.
Depending on one’s perspective the critical issue concerns either the validity or the duration of such temporary licenses. The Division takes the position that a temporary license ceases to be valid, or expires, on the date that the Division serves the licensee with a Notice of Disapproval. The licensees *388 contend, and we agree with their contention, that the temporary license continues to be valid, and does not expire, upon the mere service of the kind of Notices given in this case — that a temporary license expires and thus loses its validity only when the Division takes final agency action denying the license application.
Our conclusion follows from the text of the applicable statutes.[5] We first note the pertinent provision of the licensing statute itself. Section 561.331(1) states that “[t]he temporary license will be valid for all purposes under the Beverage Law until the application is denied [e.s.] or until 14 days after the application is approved.” Because a licensee’s right to operate under an alcoholic beverage license involves a substantial interest of the licensee,[6] the Administrative Procedures Act (APA) is necessarily involved. Section 120.60(3) provides that:
“Each applicant shall be given written notice either personally or by mail that the agency intends to grant or deny, or has granted or denied, the application for license .... Each notice shall inform the recipient of the basis for the agency decision, shall inform the recipient of any administrative hearing pursuant to ss. 120.569 and 120.57 or judicial review pursuant to s. 120.68 which may be available, shall indicate the procedure which must be followed, and shall state the applicable time limits.... ”
The Notices of Disapproval served on petitioners in this case contained the following:
“As a disapproved applicant you are entitled to a hearing pursuant to 120.569 and 120.57, Florida Statutes, Florida Administrative Procedures Act, provided you file a written request for an administrative review of this decision within twenty-one (21)days of the date of this letter.”
The Notices also added “[t]his notification of your right to an administrative hearing reviewing our decision is pursuant to 120.60(2), Florida Statutes.”
The precise formulation used by the Division in its Notice of Disapproval (which, we note, did not use the term denied to describe its decision, saying instead that the applications were “disapproved”), and the notification of the right to request a formal hearing under sections 120.569 and 120.57, imply that the agency’s action was merely proposed action — i.e., that the Division “intends to ... deny ... the application for license_” See § 120.60(3) (“Each applicant shall be given written notice either personally or by mail that the agency intends to grant or deny, or has granted or denied, the application for license.” [Emphasis supplied]). By its very nature, an intent to deny an application for a license does not logically represent the actual denial. Something more formal is contemplated by the mere intent to do an act.
Under the APA, the time and method for taking final action on an application for a license has been set by the legislature. Section 120.60(1) provides in material part that:
“Every application for a license shall be approved or denied within 90 days after receipt of a completed application unless a shorter period of time for agency action is provided by law. The 90-day time period shall be tolled by the initiation of a proceeding under ss. 120.569 and 120.57. An application for a license must be approved or denied within the 90-day or shorter time period, within 15 days after the conclusion of a public hearing held on the application, or within 15 days after a recommended order is submitted to the agency and the parties, whichever is later. The agency must approve any application *389 for a license or for an examination required for licensure if the agency has not approved or denied the application within the time periods prescribed by this subsection.” [Emphasis supplied.]
Hence, under this statutory text the approval process contemplates formal hearings to contest facts important to the approval process, and the time for the. formal hearing extends the approval process accordingly.
Simply stated, the question posed in this case is whether the Division can effectually end the duration or validity of a temporary license simply by acting to deny an application without a formal hearing. The Division has pointed to nothing in the statutory text indicating that it has such powers. It would have been a simple matter for the legislature to provide that formal hearings do not extend temporary licenses, but it has not done so. Under the current scheme, it is clear to us that formal hearings under sections 120.569 and 120.57 are part of the application process — particularly, as here, where an applicant seeks to contest facts relied on by the Division to deny an application.
The legislature has said in the APA that the'time for the agency to grant or deny the application is tolled while a formal hearing is held. § 120.60(1). At the same time, the licensing statute in question holds that the temporary license is valid until, the application has been denied. § 561.331(1). When a formal hearing has been requested under sections 120.569 and 120.57, as here, the definitive act of denial will not occur until the Division enters a final order at the conclusion of the formal hearing. That will happen only when the evidence has been heard, the hearing officer has filed a recommended order, and the agency has entered its final order. Anything before the entry of the final order in contested license hearings is tentative and thus merely proposed.
None of that had yet taken place when the Division served the petitioners with its Notices of Disapproval. Hence the temporary licenses were still valid and had not expired when these petitioners requested the formal hearing to contest the facts on which the Division had based its intent to deny the applications. When petitioners timely requested the formal hearing, the validity of the temporary licenses — and also the expiration date — was thereby extended until the entry of a final order of the Division representing completed agency action on the matter.
STONE, C.J., and STEVENSON, J., concur.

. All statutory references are to Florida Statutes (1995).

. Petitioners point out that the Division currently has the power to effectuate an emergency suspension of any license where it finds an "immediate serious danger to the public health, safety, or welfare.” § 120.60(6), Fla. Stat. (1995). The Division has made no such finding here.

. Silver Show, Inc., and Platinum Show, Inc., ' filed directly in this court. Golden Show, Inc., filed in the Third District Court of Appeal which, in turn, transferred the case to this court. We have consolidated the cases.

.Petitioners have made clear in their petitions to this court that they do not now seek review of the propriety of any denial of their applications. They point out that the very purpose of the formal hearings that they have requested is for them to contest the factual basis of the Division for denying their applications, and that thereafter they shall have the right of judicial review of any final order of denial. In short they have plainly limited the present review proceedings to the Division’s attempt to treat the temporary licenses as expired upon the service of the Notices of Disapproval.

. We do not consider the wisdom of the policy established by the statutes. Nor do we devine statutory intent from legislative committee reports when that intent is not supported by the exact text of the statute itself. While we understand that there might be good reasons to terminate a temporary license upon the kind of agency determination represented by these Notices, the text of the statutes does not do so. If the legislature desires to authorize the Division to terminate a temporary license on a non-emergency basis at this stage of the application process before a formal hearing has been had, the statutes will have to be amended.

. Petitioners held permanent licenses and applied for a transfer of such licenses. Section 561.331(1) states that the filing of a complete application for transfer that discloses on its face no reason for a denial entitles the applicant to a temporary license "as a matter of right."