ON MOTION FOR STAY PENDING REVIEW

FARMER, Judge.
This is a sequel to our decision in Silver Show, Inc. v. Department of Business Regulation, 706 So.2d 386 (Fla. 4th DCA 1998). Following the entry of a final order denying their applications for alcoholic beverage licenses, appellants have appealed the denial and moved for a stay pending review so that they can continue to operate under their temporary licenses while this appeal goes forward. We deny the motion.
Appellants claim they are entitled to a stay as a matter of right, citing section 120.68(3) which states that:
“[t]he filing of the petition does not itself stay enforcement of the agency decision, but if the agency decision has the effect of suspending or revoking a license, su-persedeas shall be granted as a matter of right upon such conditions as are reasonable, unless the court, upon petition of the agency, determines that a supersedeas would constitute a probable danger to the health, safety, or welfare of the state.” [1] [emphasis supplied]
Appellants argue that the denial of an application for a beverage license has the effect of suspending or revoking a license; hence their entitlement to a stay.
We disagree. There is nothing in the statutory scheme that would suggest such a construction. Applications for licenses are treated in different statutes than license discipline proceedings. Compare §§ 120.60(l)-(3) and 561.17, with §§ 120.60(5)-(6) and 561.29, Fla. Stat. (1997). The licensing statutes deal with the question whether a person is qualified to receive the license in the first instance, while the disciplinary statutes are penal in nature and concern whether a license already granted should be suspended or revoked. A licensee may have a valuable property right in an existing license, but a mere applicant for a beverage license has at best the hope of qualifying. Reid v. Florida Real Estate Comm’n, 188 So.2d 846 (Fla. 2d DCA 1966); Delk v. Dep’t of Prof'l Regulation, 595 So.2d 966, 967 (Fla. 5th DCA 1992).
The distinction between agency licensing and disciplinary proceedings was recognized by the court and applied in Department of Banking & Finance v. Osborne, Stern & Co., 670 So.2d 932 (Fla.1996), where it declined to extend the clear and convincing evidence requirement of disciplinary proceedings to licensing proceedings. The court explained that “[t]he denial of registration pursuant to section 517.161(6)(a), Florida Statutes (1989), is not a sanction for the applicant’s violation of the statute, but rather the application of a regulatory measure.” 670 So.2d at 934. The clear and convincing evidence standard was “inconsistent with the discretionary authority granted by the Florida legislature to administrative agencies responsi *350 ble for regulating professions under the State’s police power.” 670 So.2d at 934. In effect the court concluded that such a construction would have contradicted “the principle that an agency has particularly broad discretion in determining the fitness of applicants who seek to engage in an occupation the conduct of which is a privilege rather than a right.” 670 So.2d at 934 (quoting from Osborne, Stern & Co. v. Department of Banking & Finance, 647 So.2d 245, 250 (Fla. 1st DCA 1994) (Booth, J., concurring and dissenting)).
These principles have special application to proceedings to determine whether a person should be granted an alcoholic beverage license. The state has broad powers in regulating the alcoholic beverage industry. New York State Liquor Auth. v. Bellanca, 452 U.S. 714, 715, 101 S.Ct. 2599, 2600, 69 L.Ed.2d 357 (1981) (state has “absolute power under the twenty-first amendment to prohibit totally the sale of liquor within its boundaries”). The agency is given considerable discretion in determining whether an applicant has shown the requisite qualifications. In Astral Liquors, Inc. v. Department of Business Regulation, 463 So.2d 1130 (Fla.1985), Justice Overton explained the nature of the discretion to grant liquor licenses thus:
“Discretionary authority is necessary for agencies involved in the issuance of licenses and the determination of fitness of applicants for licenses. This discretionary authority is particularly necessary where an agency regulates ‘occupations which are practiced by privilege rather than by right and which are potentially injurious to the public welfare.’... [I]n certain areas ‘it is impracticable to lay down a definite comprehensive rule....’”
“We emphasize that the operation of a liquor business is a privilege rather than a right, and the state may, within the exercise of its police power, regulate the sale and possession of alcoholic beverages as well as the conditions under which businesses selling alcoholic beverages operate.” [c.o.]
463 So.2d at 1132; see also Morey’s Lounge, Inc. v. Department of Bus. & Prof'l Regulation, 673 So.2d 538, 540 (Fla. 4th DCA), rev. denied, 680 So.2d 423 (Fla.1996). The principles governing the discipline of those who have already qualified for a license are thus inapposite to the principles governing the exercise of the agency’s discretion to grant the privilege of holding such a license.
Because this is a licensing proceeding, it is unnecessary for the Division to show that supersedeas would constitute a probable danger to the health, safety, or welfare of the state. We conclude that in a licensing proceeding the applicant is not entitled to a stay as a matter of right under section 120.68(3) and that the burden is on the applicant to show a factual basis for any stay. Appellants have shown no particular basis for a stay, other than the truism that they cannot sell alcoholic beverages without a license. We therefore deny their motion.
STAY PENDING REVIEW DENIED.
DELL and STEVENSON, JJ., concur.

. See § 120.68, Fla. Stat. (1995).