881 So.2d 686 (2004)
MARTIN DAYTONA CORPORATION, et al., Appellant,
v.
STRICKLAND CONSTRUCTION SERVICES, etc., et al, Appellee.
No. 5D03-1371.
District Court of Appeal of Florida, Fifth District.
August 27, 2004.
*687 John H. Dannecker of Shutts & Bowen, Orlando, for Appellant.
Kimberly A. Ashby of Akerman Senterfitt, P.A., Orlando, for Appellant.
Rosemary Hanna Hayes of Hayes & Associates, P.A., Orlando, for Appellee.
THOMPSON, J.
Martin Daytona Corporation ("Martin Daytona"), doing business as Martin Masonry Company ("Martin Masonry"), appeals an order granting Strickland Construction Services Corporation's ("Strickland") motion to stay arbitration. We reverse.
Martin Daytona, doing business as Martin Masonry, entered a construction subcontract with Strickland. When Strickland allegedly failed to pay the remaining amount owed, Martin Daytona, doing business as Martin Masonry, filed suit. The subcontract between Strickland and Martin Masonry contained an arbitration clause. In response to the complaint, Strickland moved to stay or abate arbitration, arguing that the contract and its arbitration clause were unenforceable. Strickland alleged that Martin Daytona entered the subcontract under the fictitious name of Martin Masonry, but that contrary to Chapter 489, the fictitious name was not separately registered and licensed. Strickland argued that because Martin Daytona had failed to separately register and license its fictitious name, the contract was unenforceable pursuant to section 489.128, Florida Statutes.
At the time of the hearing, section 489.128 provided:
As a matter of public policy, contracts entered into on or after October 1, 1990, and performed in full or in part by any contractor who fails to obtain or maintain a license in accordance with this part shall be unenforceable in law or in equity.
The trial court agreed with Strickland and granted the motion to stay arbitration based on Martin Daytona's failure to obtain a license and register under its fictitious name.
After the briefs were filed in this case, the legislature modified section 489.128 to add subsection 489.128(1)(b):
For purposes of this section, an individual or business organization shall not be considered unlicensed for failing to have an occupational license certificate issued under the authority of chapter 205. A business organization shall not be considered unlicensed for failing to have a certificate of authority as required by ss. 489.119 and 489.127.

(emphasis supplied). This subsection clarifies that a company's failure to register or to obtain a license under its fictitious name does not invalidate the contract. See Promontory Enterprises, Inc. v. Southern Engineering & Contracting, Inc., 864 So.2d 479 (Fla. 5th DCA 2004). Moreover, this subsection applies retroactively. Id. Martin Daytona's failure to register and obtain a license under its fictitious name did not render it unlicensed for the purposes of section 489.128.[1]
The order staying arbitration is REVERSED.
PALMER and MONACO, JJ., concur.
NOTES
[1] Strickland cites R.A.M. of South Florida, Inc. v. WCI Communities, Inc., 869 So.2d 1210 (Fla. 2d DCA 2004), but we conclude that R.A.M. does not apply in the instant case. As pointed out in footnote 4 of the opinion, R.A.M. does not involve subsection 489.128(1)(b).