890 So.2d 1170 (2004)
Ausbon BROWN, JR., Appellant,
v.
AGENCY FOR HEALTH CARE ADMINISTRATION, Appellee.
No. 5D03-396.
District Court of Appeal of Florida, Fifth District.
December 23, 2004.
Ausbon Brown, Jr., Daytona Beach, Pro Se.
Garnett W. Chisenhall, Assistant General Counsel, Agency for Health Care Administration, Tallahassee, for Appellee.
ORFINGER, J.
Ausbon Brown, Jr. appeals from an amended final order of the Florida Commission on Human Relations (the "Commission"), which dismissed with prejudice his petition for relief and complaint for employment discrimination. This court has jurisdiction. See Fla. R.App. P. 9.030(b)(1)(C).
After not being hired for several open jobs at the Agency for Health Care Administration ("AHCA"), Brown filed a discrimination complaint with the Commission. In his complaint, Brown alleged that the AHCA committed an unlawful employment practice by discriminating against him based on his age, gender, and race. After an admittedly tortured administrative proceeding, the Commission ultimately accepted the administrative law judge's findings that the AHCA "did articulate a legitimate nondiscriminatory reason for not hiring" Brown, and, in each instance that he was not hired, AHCA had "selected *1171 someone who was better qualified, and that there was no evidence that [the AHCA's] actions were a pretext for discrimination, or that [the AHCA] acted with discriminatory intent." Accordingly, the Commission dismissed Brown's petition for relief from unlawful employment discrimination with prejudice and this appeal followed.
Section 120.68, Florida Statutes (2003), governs appellate review of final administrative agency action. Generally, the inquiry on appeal is whether the final order is supported by competent, substantial evidence in the record. § 120.68(7)(b), Fla. Stat. (2003); Dep't of Banking & Fin., Div. of Sec. & Investor Protection v. Osborne Stern & Co., 670 So.2d 932 (Fla.1996). If supported by competent, substantial evidence, the order must be affirmed, absent a showing of a material error in procedure, an incorrect interpretation of law, or an abuse of discretion. § 120.68(7)(c)-(e), (8), Fla. Stat. (2003).
We have carefully reviewed the entire record of these unduly complicated proceedings. While it is clear that the Commission did not act as a model of efficiency in its disposition of Brown's complaints, its ultimate resolution of the matter is supported by competent, substantial evidence. Accordingly, we affirm the Commission's decision to dismiss Brown's petition for relief and complaint with prejudice.
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.