PETERSON, J.
The circuit court exercised its appellate jurisdictional authority by granting Strickland Construction Services Corp., Et Al’s, (“Strickland”), petition for writ of certio-rari and quashing the Orange County Building Codes Board of Adjustment and Appeals’, (“OCB”), order suspending Strickland’s ability to obtain building permits in Orange County. The circuit court also awarded appellate attorney’s fees to Strickland pursuant to section 57.105, Florida Statutes (2003). OCB now seeks certiorari from this court contending that the circuit court departed from the essential requirements of the law by granting relief to Strickland.
This action began when Martin Daytona Corp., d/b/a Martin Masonry, (“Martin”), complained to the OCB that Strickland refused to make a final payment to Martin, a subcontractor for Strickland, because Martin did not have a license for the work it performed. Martin’s complaint alleged financial irresponsibility and/or diversion of property or funds.[1]
The OCB concluded that Strickland violated section 9 of the Orange County Code through financial irresponsibility and/or diversion of property or funds received pursuant to contracted work and that the violation constituted fraud under section 489.113(4)(b), Florida Statutes (2003). OCB suspended Strickland’s authority to obtain building permits in Orange County until resolution of payment to Martin.[2]
Strickland then petitioned to the circuit court challenging OCB’s suspension on the grounds, inter alia, that Strickland was denied due process when it was not notified of any fraud charges and was not given an opportunity to respond. The circuit court agreed with Strickland and found that OCB failed to notify the Department of Business and Professional Regulation of any action against Strickland *720 within fifteen days as required by section 489.113. The circuit court also awarded attorney’s fees to Strickland under the authority of section 57.105 and Florida Rule of Appellate Procedure 9.400(b).
We agree with Strickland that the OCB erred by finding Strickland guilty of fraud when the charging document did not charge him with that serious offense. See, e.g., Delk v. Dept. of Professional Regulation, 595 So.2d 966 (Fla. 5th DCA 1992) (holding that regulatory board’s determination that a dentist violated a statute for which he was never charged was error). Although the factual basis for the charged and uncharged offenses may have been the same, due process requires notice to Strickland of the uncharged offense of fraud so that it may have the opportunity to defend against that serious offense before a finding of guilt is entered.
Agreeing that Strickland’s due process rights were violated, we need not proceed further with the remaining points raised, except the award of Strickland’s attorney’s fees. We recognize that attorney’s fees have been awarded against governmental entities under similar circumstances. See, e.g., Berek v. Metropolitan Dade County, 422 So.2d 838 (Fla.1982). Notwithstanding, we must vacate the award of attorney’s fees in view of the technical failure of the circuit court to enunciate a basis for the award. Section 57.105(1) and (2), Florida Statutes, requires that the trial court apply certain standards:
(1) Upon the court’s initiative or motion of any party, the court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
(2) Paragraph (l)(b) does not apply if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success.
We deny the petition in part because the circuit court did not depart from the essential requirements of the law when it quashed the order suspending Strickland’s ability to obtain permits, but grant the petition in part by quashing the award of attorney’s fees, and remand this cause to the trial court with directions to determine whether OCB and its attorney should be responsible for Strickland’s attorney fees after applying the statutory standard of section 57.105(1) and (2).
We are unable to award Strickland appellate attorney’s fees pursuant to the limitations imposed by Boca Burger, Inc. v. Forum, 912 So.2d 561 (Fla.2005).
PETITION GRANTED IN PART, DENIED IN PART; AWARD OF ATTORNEY’S FEES QUASHED; REMANDED.
SAWAYA, J., concurs.
SHARP, W., J., concurs specially, with opinion.

. Martin and Strickland also litigated another issue that previously reached this court in Martin Daytona Corp. v. Strickland Construction Services, 881 So.2d 686 (Fla. 5th DCA 2004). This court held that failure to register a fictitious name does not invalidate the underlying contract under section 489.128(l)(b), Florida Statutes (2003).

. Section 489.113 specifies the qualifications of a statewide contractor and section 489.113(4)(b) authorizes a local board to deny, suspend or revoke the ability of a contractor to obtain building permits if that board has found the contractor guilty of fraud or willful building code violations within the board’s county.