983 So.2d 45 (2008)
COMPREHENSIVE MEDICAL ACCESS, INC., Appellant,
v.
OFFICE OF INSURANCE REGULATION, Appellee.
No. 1D07-0184.
District Court of Appeal of Florida, First District.
May 5, 2008.
Rehearing Denied June 9, 2008.
Joseph S. Rosenbaum, Miami, for Appellant.
Elenita Gomez and S. Marc Herskovitz, Office of Insurance Regulation, Tallahassee, for Appellee.
PER CURIAM.
Comprehensive Medical Access, Inc. ("CMA") seeks review of a final order of the Office of Insurance Regulation ("OIR"), adopting the recommended order of an administrative law judge ("ALJ") and denying CMA's application for approval of its health flex plan. CMA contends that OIR abused its discretion in denying the application because it presented competent substantial evidence that it was entitled to administer a health flex plan and there was a lack of competent substantial evidence to support the denial. We agree. Accordingly, we reverse OIR's final order *46 and remand with directions to OIR to approve CMA's health flex plan. The remaining issues raised in CMA's appeal are without merit and require no discussion.
In response to CMA's application for health flex plan approval, OIR issued a letter of disapproval, informing CMA that it had failed to demonstrate entitlement, as required by section 408.909(3)(b), Florida Statutes (2005). OIR specified that CMA's application was being denied because CMA's sole owner, Dr. Jack Michel, along with his brother, had been named in a civil suit brought by the United States government. In the complaint, the United States government alleged that Dr. Michel and many of the businesses in which he had an ownership interest had committed fraud in relation to the practice of medicine. Because of these allegations, OIR concluded that CMA could not demonstrate compliance with the standards listed in section 624.404(3), Florida Statutes, as required by section 408.909(3)(b).
CMA petitioned for a formal adversarial hearing based on its understanding that the application had been denied on the basis of hearsay alone. At the adversarial hearing, the only issue considered was whether CMA could overcome the concerns raised in the letter of disapproval. The federal civil complaint was admitted into evidence at the hearing, but there was no testimony or other evidence admitted regarding the truth or falsity of the allegations contained therein. Instead, OIR relied on the existence of the civil complaint, paired with CMA's burden to prove entitlement to approval, to support its denial of the application. CMA presented testimony to demonstrate its qualifications to administer a health flex plan, but it did not attempt to refute the allegations in the civil complaint.
The ALJ found that the existence of the civil complaint was "sufficient to raise the issue" of Dr. Michel's fitness to operate CMA as a health flex entity, as it raised questions regarding his trustworthiness. Although the ALJ found that Dr. Michel had "establish[ed] by persuasive and credible evidence that he is competent to own and operate an entity providing a health flex plan," she ultimately recommended a denial of CMA's application based on her conclusion that CMA failed to overcome OIR's concerns, and thus, had failed to meet its burden of persuasion. OIR adopted the ALJ's recommended order in full.
The effect of the burden of persuasion has been the source of much confusion in this appeal. The Florida Supreme Court has emphasized that "while the burden of producing evidence may shift between the parties in an application dispute proceeding, the burden of persuasion remains upon the applicant to prove her entitlement to the license" throughout the proceedings. Dep't of Banking & Fin., Div. of Securities & Investor Protection v. Osborne Stern & Co., 670 So.2d 932, 934 (Fla.1996). Despite the fact that the applicant continuously has the burden of persuasion to prove entitlement, however, the agency denying the license has the burden to produce evidence to support a denial. Id. While the agency is not required to prove its allegations by clear and convincing evidence, it may not deny a license application unless the decision is supported by competent substantial evidence. Id. at 934 n. 2. Competent substantial evidence is such evidence that is "sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached." De Groot v. Sheffield, 95 So.2d 912, 916 (Fla.1957).
Here, the only evidence OIR presented to support the denial was the mere existence of a civil complaint alleging fraud. OIR argues that the mere existence *47 of the complaint was sufficient to raise concerns and require CMA to present evidence to alleviate the concerns. Under Osborne Stern, an agency denying an application for a license must present competent substantial evidence of the allegations that support denial. See 670 So.2d at 934 n. 2. Thus, OIR's position that it had no obligation other than to suggest a basis for concern over CMA's qualifications is incorrect. We agree with OIR that the civil complaint was not hearsay because the record clearly reflects that the complaint was offered only to show the basis for OIR's suspicion that CMA was unfit to administer a health flex plan entity. The ALJ's comments throughout the proceedings indicated that she recognized this limited function of the civil complaint. However, the issue at the hearing was not whether OIR had a good faith basis for being suspicious but whether there was a competent substantial basis for denying the application despite Dr. Michel's expertise in providing medical care to the targeted population and his understanding of Florida's health flex plan program. At the hearing, OIR presented evidence that it had a basis for suspecting that Dr. Michel was untrustworthy. There was no evidence that Dr. Michel had actually committed the alleged acts. Therefore, OIR failed to meets its burden to present evidence in support of denial. OIR should not have denied CMA's application without something more than a suspicion of wrongdoing or untrustworthiness. Because the ALJ found that CMA was otherwise fit to administer a health flex plan entity, we REVERSE and REMAND with directions to OIR to approve CMA's application.
VAN NORTWICK, LEWIS and THOMAS, JJ., concur.