JACOBUS, J.
RLI Live Oak, LLC (“RLI”), land developers who own property in Osceola County, filed suit in circuit court seeking a declaratory judgment for a determination that the property it owned did not contain any wetlands and, therefore, was not under the jurisdiction of the South Florida Water Management District (“the District”). The District counterclaimed against RLI alleging that RLI participated in unauthorized dredging, construction activity, grading, diking, culvert installation, *561 and filling of wetlands without first obtaining the District’s approval. After a non-jury trial, the court found for the District on all counts and awarded the District $81,900 in civil penalties.
The trial court based its findings on a preponderance of the evidence standard and not the clear and convincing evidence standard. This was error. In Department of Banking & Finance, Division of Securities & Investor Protection v. Osborne Stem & Co., 670 So.2d 932 (Fla.1996), the Florida Supreme Court held that when a court is asked to impose civil fines against a party, it is necessary for the moving party to prove the alleged violations by clear and convincing evidence. As a result of the court’s applying the improper evidentiary standard, we reverse the portion of the judgment imposing civil penalties and remand for further proceedings. On remand, before the trial court may impose civil fines on RLI, the District must prove RLI’s alleged violations by clear and convincing evidence.
REVERSED and REMANDED.
PALMER and LAWSON, JJ., concur.