# Supreme Court of Florida

_____

No. SC12-2336
_____

**SOUTH FLORIDA WATER MANAGEMENT DISTRICT,**
Petitioner,

vs.

**RLI LIVE OAK, LLC,**
Respondent.

[May 22, 2014]

LABARGA, J.

This case is before the Court for review of the decision of the Fifth District Court of Appeal in RLI Live Oak, LLC v. South Florida Water Management District, 99 So. 3d 560 (Fla. 5th DCA 2012).  The South Florida Water Management District subsequently filed a motion for certification, which the Fifth District granted, certifying the following question to be of great public importance:

> UNDER THE HOLDING OF DEPARTMENT OF BANKING & FINANCE V. OSBORNE STERN & CO., 670 So. 2d 932 (Fla. 1996), IS A STATE GOVERNMENTAL AGENCY WHICH BRINGS A CIVIL ACTION IN CIRCUIT COURT REQUIRED TO PROVE THE ALLEGED REGULATORY VIOLATION BY CLEAR AND CONVINCING EVIDENCE BEFORE THE COURT MAY ASSESS MONETARY PENALTIES?

37 Fla. L. Weekly D2528 (Fla. 5th DCA Oct. 26, 2012), review granted, So. Fla. Water Mgmt. Dist. v. RLI Live Oak, LLC, SC12-2336, 2013 Fla. LEXIS 879 (Fla. order entered Mar. 7, 2013). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. Because we conclude that the question as certified by the district court is too broad, we rephrase the district court's certified question as follows:

> WHERE THE LEGISLATURE STATUTORILY AUTHORIZES A STATE GOVERNMENTAL AGENCY TO RECOVER A "CIVIL PENALTY" IN A "COURT OF COMPETENT JURISDICTION" BUT DOES NOT SPECIFY THE AGENCY'S BURDEN OF PROOF, IS THE AGENCY REQUIRED UNDER DEPARTMENT OF BANKING & FINANCE V. OSBORNE STERN & CO., 670 So. 2d 932 (Fla. 1996), TO PROVE THE ALLEGED VIOLATION BY CLEAR AND CONVINCING EVIDENCE BEFORE THE COURT MAY ASSESS THE CIVIL PENALTY?

We answer the rephrased certified question in the negative and hold that where the Legislature statutorily authorizes a state governmental agency to recover a "civil penalty" in a "court of competent jurisdiction" but does not specify the agency's burden of proof, the agency is not required under Osborne to prove the alleged violation by clear and convincing evidence, but rather by a preponderance of the evidence. Thus, we reverse the district court's decision.

### FACTS

The underlying facts, as stated in the district court's opinion, are as follows:

> RLI Live Oak, LLC ("RLI"), land developers who own property in Osceola County, filed suit in circuit court seeking a

declaratory judgment for a determination that the property it owned did not contain any wetlands and, therefore, was not under the jurisdiction of the South Florida Water Management District ("the District"). The District counterclaimed against RLI alleging that RLI participated in unauthorized dredging, construction activity, grading, diking, culvert installation, and filling of wetlands without first obtaining the District's approval. After a non-jury trial, the court found for the District on all counts and awarded the District $81,900 in civil penalties.

RLI, 99 So. 3d at 560-61. In its analysis, the district court considered the burden of proof that the District was required to satisfy in order to obtain an award of civil penalties. The court stated:

> The trial court based its findings on a preponderance of the evidence standard and not the clear and convincing evidence standard. This was error. In Department of Banking and Finance, Division of Securities & Investor Protection v. Osborne Stern & Co., 670 So. 2d 932 (Fla. 1996), the Florida Supreme Court held that when a court is asked to impose civil fines against a party, it is necessary for the moving party to prove the alleged violations by clear and convincing evidence. As a result of the court's applying the improper evidentiary standard, we reverse the portion of the judgment imposing civil penalties and remand for further proceedings. On remand, before the trial court may impose civil fines on RLI, the District must prove RLI's alleged violations by clear and convincing evidence.
> REVERSED and REMANDED.

Id. at 561. On motion for rehearing or certification, the panel denied rehearing. However, the Fifth District stated that it agreed with "the South Florida Water Management District . . . that this case presents an issue of great public importance that should be addressed by the Florida Supreme Court," and certified its question for a determination by this Court of the proper burden of proof. So. Fla. Water

- 3 -

Mgmt. Dist. v. RLI Live Oak, LLC, 37 Fla. L. Weekly D2528 (Fla 5th DCA Oct. 26, 2012), review granted, SC12-2336, 2013 Fla. LEXIS 879 (Fla. order entered Mar. 7, 2013).

In addition to the briefs filed in this Court by the South Florida Water Management District (District) and RLI, the Office of the Attorney General of Florida and the Florida Department of Environmental Protection filed amicus briefs in support of the District.

## ANALYSIS

The rephrased certified question requires this Court to consider the appropriate burden of proof that state agencies, when pursuing a statutorily authorized action against an entity in a court of competent jurisdiction, must satisfy before civil penalties may be imposed. Because the certified question presents a pure question of law, our review is de novo. See Jackson-Shaw Co. v. Jacksonville Aviation Auth., 8 So. 3d 1076, 1085 (Fla. 2008) (citing Macola v. Gov't Emp. Ins. Co., 953 So. 2d 451, 454 (Fla. 2006)). We begin our analysis with an overview of the applicable law and a discussion of the preponderance of the evidence and the clear and convincing evidence standards. We then turn to the district court's reliance on Osborne.

**The Applicable Law and Burdens of Proof**

"The Florida Legislature has clearly stated that it is a policy of the State to provide for the management of water and related land resources." A. Duda & Sons, Inc. v. St. Johns River Water Mgmt. Dist., 17 So. 3d 738, 740 (Fla. 5th DCA 2009). To that end, the Legislature established the "Florida Water Resources Act of 1972" as enumerated in chapter 373, Florida Statutes, and it authorized entities including the Department of Environmental Protection and the South Florida Water Management District to regulate and enforce compliance. §§ 373.013, 373.129, Fla. Stat. (2007). Section 373.129 provides that authorized entities may pursue "necessary actions and proceedings in any court of competent jurisdiction," and section 373.129(5) authorizes such actions and proceedings for the recovery of civil penalties. The statute provides in relevant part:

> **Maintenance of actions.**—The department, the governing board of any water management district, any local board, or a local government to which authority has been delegated pursuant to s. 373.103(8), is authorized to commence and maintain proper and necessary actions and proceedings in any court of competent jurisdiction for any of the following purposes:
> . . . .
> (5) To recover a civil penalty for each offense in an amount not to exceed $10,000 per offense. Each date during which such violation occurs constitutes a separate offense.

§ 373.129(5), Fla. Stat. (2007).

However, while the recovery of a civil penalty is authorized under section 373.129(5), the statute does not expressly provide the required burden of proof that

the complaining party must satisfy in order obtain a recovery. Traditionally, a preponderance of the evidence standard is the applicable burden of proof in civil cases. In <u>Gross v. Lyons</u>, 763 So. 2d 276, 280 n.1 (Fla. 2000), we explained that "[a] 'preponderance' of the evidence is defined as 'the greater weight of the evidence,' <u>Black's Law Dictionary</u> 1201 (7th ed. 1999), or evidence that 'more likely than not' tends to prove a certain proposition." (citing <u>Am. Tobacco Co. v. State</u>, 697 So. 2d 1249, 1254 (Fla. 4th DCA 1997) (quoting <u>Bourjaily v. U.S.</u>, 483 U.S. 171, 175 (1987))).[1] "Because the preponderance-of-the-evidence standard results in a roughly equal allocation of the risk of error between litigants, we presume that this standard is applicable in civil actions between private litigants unless 'particularly important individual interests or rights are at stake.' " <u>Grogan v. Garner</u>, 498 U.S. 279, 286 (1991) (quoting <u>Herman & MacLean v. Huddleston</u>, 459 U.S. 375, 389-90 (1983)).

---

1. Consistent with this explanation, the current edition of <u>Black's Law Dictionary</u> defines a preponderance of the evidence as follows:

> [t]he greater weight of the evidence, not necessarily established by the greater number of witnesses testifying to a fact but by evidence that has the most convincing force; superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other.

<u>Black's Law Dictionary</u> 1301 (9th ed. 2009).

The District argues that a preponderance of the evidence standard is sufficient in this case, while RLI maintains that based on Osborne, clear and convincing evidence is the proper standard. Clear and convincing evidence is defined as an intermediate burden of proof that:

> requires that the evidence must be found to be credible; the facts to which the witnesses testify must be distinctly remembered; the testimony must be precise and explicit and the witnesses must be lacking in confusion as to the facts in issue. The evidence must be of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established.

Inquiry Concerning a Judge, 645 So. 2d 398, 404 (Fla. 1994) (quoting Slomowitz v. Walker, 429 So. 2d 797, 800 (Fla. 4th DCA 1983)). "One typical use of the [clear and convincing evidence] standard is in civil cases involving allegations of fraud or some other quasi-criminal wrongdoing by the defendant." Addington v. Texas, 441 U.S. 418, 424 (1979). Other contexts in which the clear and convincing evidence standard is applied include: involuntary civil commitment proceedings,[2] deportation cases,[3] denaturalization cases,[4] civil theft,[5] forfeitures,[6]

---

2. In re Beverly, 342 So. 2d 481 (Fla. 1977).

3. Woodby v. Immigration & Naturalization Serv., 385 U.S. 276 (1966).

4. Chaunt v. U.S., 364 U.S. 350 (1960).

5. Westinghouse Elec. Corp., Inc. v. Shuler Bros., Inc., 590 So. 2d 986 (Fla. 1st DCA 1991).

6. Dep't of Law Enf. v. Real Prop., 588 So. 2d 957 (Fla. 1991).

the revocation of a professional license,[7] penalties for public officers under section 112.317(1)(a), Florida Statutes,[8] and campaign finance violations under chapter 106, Florida Statutes.[9]

In Osborne, this Court held that the clear and convincing evidence standard is the requisite burden of proof in administrative proceedings where administrative fines are sought for securities violations under chapter 517, Florida Statutes. 670 So. 2d at 932. Then in RLI, relying on Osborne, the Fifth District held that the clear and convincing evidence standard applies to a state agency's pursuit of civil penalties in circuit court. RLI, 99 So. 3d at 561. We now turn to Osborne.

**Osborne**

The district court concluded that RLI was governed by Osborne, in which this Court determined the burden of proof required in an administrative proceeding before an administrative fine could be assessed. In Osborne, the Department of Banking and Finance began administrative proceedings against Osborne Stern and Company for securities violations under chapter 517, Florida Statutes. Osborne, 670 So. 2d at 933. The Department issued an order "requiring respondents to cease and desist their violations of securities laws, imposing administrative fines,

---

7. Ferris v. Turlington, 510 So. 2d 292 (Fla. 1987).

8. Latham v. Fla. Comm'n on Ethics, 694 So. 2d 83 (Fla. 1st DCA 1997).

9. Diaz de la Portilla v. Fla. Elections Comm'n, 857 So. 2d 913 (Fla. 3d DCA 2003).

- 8 -

and denying respondents' application for registration to deal in securities." Id. On appeal, the district court concluded that the "same clear and convincing standard is applicable to disputes over the granting of a license as it is to the revocation or suspension of a license," and the imposition of administrative fines is subject to the clear and convincing evidence standard. Osborne Stern & Co. v. Dep't of Banking and Fin., 647 So. 2d 245, 249 (Fla. 1st DCA 1994). However, the First District also certified the following question to this Court:

> IN DENYING AN APPLICATION FOR REGISTRATION TO SELL SECURITIES AND IMPOSING CIVIL FINES FOR ALLEGED VIOLATIONS OF PROVISIONS OF CHAPTER 517 REGULATING THE SALE OF SECURITIES, IS THE DEPARTMENT OF BANKING AND FINANCE REQUIRED TO PROVE SUCH ALLEGATIONS BY CLEAR AND CONVINCING EVIDENCE?

Osborne, 670 So. 2d at 933.

This Court concluded that the certified question required the determination of the appropriate burden of proof in two separate contexts, that of applicant registration and that of the imposition of fines. Therefore, this Court rephrased the question certified by the district court. Importantly, we observe that in the second part of the question, this Court rephrased the term "civil fines" as "administrative fines" and articulated the issues as follows:

> Issue 1: Must the Department of Banking and Finance prove by clear and convincing evidence that an applicant has violated provisions of chapter 517, regulating the sale of securities, in order to deny the applicant's registration to sell securities because of those violations?

Issue 2: Must the Department of Banking and Finance prove by clear and convincing evidence alleged violations of chapter 517, regulating the sale of securities, in order to impose <u>administrative fines</u> upon any person for those violations?

<u>Osborne</u>, 670 So. 2d at 933 (emphasis added). This Court concluded that satisfaction of the clear and convincing evidence standard was not required in denying an application for registration to sell securities, but it was required in order to assess administrative fines for securities violations under chapter 517. <u>Id.</u>

In the present case, the District, the Attorney General, and the Florida Department of Environmental Protection argue that the district court overextended <u>Osborne</u> when it concluded that the clear and convincing evidence standard applied to the circuit court's assessment of civil penalties against RLI. The District maintains that the circuit court was only bound to apply the preponderance of the evidence standard. RLI argues that the circuit court was bound by the clear and convincing evidence standard as stated in <u>Osborne</u>.

## Was <u>Osborne</u> Overextended?

RLI misstates this Court's holding in <u>Osborne</u> by saying that "the Florida Supreme Court held that when a court is asked to impose <u>civil fines</u> against a party, it is necessary for the moving party to prove the alleged violations by clear and convincing evidence." 99 So. 3d at 561 (emphasis added). In fact, <u>Osborne</u> discarded the term "civil fines" when it rephrased the certified question and

utilized the term "administrative fines." 670 So. 2d at 933. Further, RLI makes no distinction between the "administrative fines" in Osborne and the "civil penalties" in RLI. 99 So. 3d at 560-61. The question certified by the district court merges these distinct terms under the umbrella of "monetary penalties." Id. at 561. However, Osborne is distinguishable from RLI.

Osborne arose in the context of securities violations under chapter 517, Florida Statutes. Section 517.221(3) authorized the Department of Banking and Finance to "impose and collect an administrative fine." § 517.221(3), Fla. Stat. (1993). Consistent with the applicable statute, Osborne repeatedly refers to administrative fines. Indeed, the relevant section in Osborne is entitled "Administrative Fines," and this relatively short section makes five separate references to administrative fines. 670 So. 2d at 935. Osborne also states that "the existence of evidence in the record supporting the hearing officer's findings is irrelevant to whether the fact-finder held the Department to the correct standard of proof at the administrative proceeding." Id. (emphasis added). This limiting language in Osborne leads us to conclude that the clear and convincing standard applicable to the imposition of administrative fines does not extend to the circuit court's award of civil penalties in RLI.

## CONCLUSION

For the foregoing reasons, we answer the rephrased certified question in the negative. When the Legislature statutorily authorizes a state governmental agency to recover a "civil penalty" in a "court of competent jurisdiction" but does not specify the agency's burden of proof, the agency is not required under Osborne to prove the alleged violation by clear and convincing evidence, but rather by a preponderance of the evidence. We reverse the district court's decision for further proceedings consistent with this opinion.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Certified Great Public Importance

Fifth District - Case No. 5D11-2329

(Osceola County)

Carolyn Stroud Ansay, James Edward Nutt, Ruth A. Holmes, and Alison L. Kelly of the South Florida Water Management District, West Palm Beach, Florida,

for Petitioner

M. Christopher Bryant and Kenneth G. Oertel of Oertel, Fernandez, Bryant & Atkinson, P.A., Tallahassee, Florida,

for Respondent

Matthew Zane Leopold, General Counsel, and Barney J. Chisolm, Jr., Deputy General Counsel, Florida Department of Environmental Protection, Tallahassee, Florida,

   for Amicus Curiae, Florida Department of Environmental Protection

Pamela Jo Bondi, Attorney General, Allen C. Winsor, Solicitor General, and Leah A. Sevi, Deputy Solicitor General, Tallahassee, Florida

   for Amicus Curiae, State of Florida