# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-1683
Lower Tribunal No. 2024-CF-017795
_____

CHRISTOPHER THOMAS DIAMOND,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Prohibition to the Circuit Court for Lee County.

October 3, 2025

TRAVER, C.J.

Christopher Thomas Diamond petitions for a writ of prohibition to prevent his prosecution for battery against M.F.D., his seventy-six-year-old father. We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(3). Because Diamond is entitled to statutory immunity under Florida's Stand Your Ground law, we grant the petition.

This case arises out of a physical confrontation that occurred in M.F.D.'s garage, during which Diamond slapped or brushed M.F.D.'s forearm. The State charged Diamond with battery on a person sixty-five or older, a third-degree felony.

Diamond sought statutory immunity, arguing that he could use non-deadly force against M.F.D. because M.F.D. threatened to stab him with a knife. The trial court convened an evidentiary hearing, at which the State conceded Diamond had asserted a prima facie claim for self-defense immunity. M.F.D. offered the only testimony.

M.F.D. said that Diamond had been living with him, but that he wanted Diamond to move out. Diamond has mental health issues, and while he had never been violent towards M.F.D. until the confrontation, he had previously attacked M.F.D.'s ex-wife and other son. Following an argument that he initiated and seeking to force Diamond's departure, M.F.D. armed himself with a five-inch knife, went to Diamond's room, and "told him to come out." M.F.D. then walked away, explaining that he wanted to confront Diamond, but not there. Both parties walked to the garage; M.F.D. first, and "not right away," Diamond.

In the garage, M.F.D. still held the knife. He described himself as "more angry than scared." M.F.D. continued to scream and yell at Diamond, but Diamond did not yell back. M.F.D. pointed the knife at Diamond and "threatened" him. M.F.D. testified that he did not threaten to kill Diamond, but Diamond impeached him with deposition testimony in which he said he did. Regardless, M.F.D. later agreed that when he "made the threat," he was three to four feet away from Diamond, who tried to push him away. M.F.D. said that Diamond "brushed [his] arms." Although Diamond later complained about a knife wound, M.F.D. claimed that he

2

had not stabbed him. M.F.D. acknowledged he did not want Diamond to face any criminal charges; he just wanted him out of his home.

The trial court found only part of M.F.D.'s testimony credible: it believed M.F.D. went to Diamond's room, left, and moved to the garage. It also credited M.F.D.'s testimony that Diamond followed or pursued him there, and that M.F.D. knew about Diamond's past violent behavior towards others. It made no findings about what happened in the garage and otherwise observed that M.F.D. did not remember "some of the things." It concluded that Diamond did not act in self-defense during the confrontation and denied his immunity motion.

In reviewing the trial court's decision, we employ a mixed standard of review. *See Moore v. State*, No. 6D2024-2740, 2025 WL 1275891, at *3 (Fla. 6th DCA May 2, 2025) (citing *Bouie v. State*, 292 So. 3d 471, 479 (Fla. 2d DCA 2020)). We review the trial court's legal conclusions de novo and its factual findings for competent, substantial evidence. *See id.* (citing *Bouie*, 292 So. 3d at 479).

Florida law entitles a person to use non-deadly force "against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against the other's imminent use of unlawful force." *See* § 776.012(1), Fla. Stat. (2024). A person who uses non-deadly force in this context has no duty to retreat before using such force. *Id.* If a person uses

3

justifiable non-deadly force within these parameters, they are immune from criminal prosecution. *See* § 776.032(1), Fla. Stat. (2024).

If a criminal defendant raises a prima facie claim of self-defense immunity, the State has the burden of proof by clear and convincing evidence to overcome the defendant's immunity. *See id*. § 776.032(4). Clear and convincing evidence is an intermediate burden of proof requiring:

> [T]hat the evidence must be found to be credible; the facts to which the witnesses testify must be distinctly remembered; the testimony must be precise and explicit and the witnesses must be lacking in confusion as to the facts in issue. The evidence must be of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established.

*S. Fla. Water Mgmt. Dist. v. RLI Live Oak, LLC*, 139 So. 3d 869, 872 (Fla. 2014) (quoting *Inquiry Concerning a Judge*, 645 So. 2d 398, 404 (Fla. 1994)).

The State failed to meet its burden. The trial court heard from one witness, whom it acknowledged had memory issues. It found credible only M.F.D.'s testimony about what happened before the parties went to the garage. But based on the trial court's ruling, we have no idea what happened in the garage. By negative implication, we could conclude that the trial court found M.F.D.'s explanation of what occurred there incredible. Or we could determine from the trial court's finding that M.F.D. did not remember "some of the things" that his testimony about the confrontation was confusing or unreliable. If Diamond had the burden of proof

4

below, the absence of competent testimony about the physical confrontation at the heart of this case would not matter. But the State had to prove by clear and convincing evidence that Diamond was not entitled to immunity. Our record contains no competent, substantial evidence supporting the trial court's legal conclusion that Diamond did not act in self-defense.

The trial court thus erred when it ruled that the State met its burden to overcome Diamond's self-defense claim. "Because the State failed to meet its burden, [Diamond's] prima facie claim of self-defense stands, and he is immune from further prosecution." *See Moore*, 2025 WL 1275891, at *4. We grant Diamond's petition, withholding issuance of the writ with confidence that the trial court will promptly grant Diamond's immunity motion.

PETITION GRANTED; WRIT WITHHELD.

WOZNIAK and SMITH, JJ., concur.


Kathleen A. Smith, Public Defender, and Melina Gray, Assistant Public Defender, Fort Myers, for Petitioner.

James Uthmeier, Attorney General, Tallahassee, and Allison C. Heim, Assistant Attorney General, Tampa, for Respondent.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED